UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **LIVEUNIVERSE, INC.**, <br> *Plaintiff,* <br><br> v. <br><br> **RENE MUIJRERS, ICONV SPRL, TECHIE HOSTING, INC, VIRALHOG, LLC, CHRISTOPHER VANDEVYVER, IVAN RUSSO, KMMT, LLC, THEODORA HATZIKOSTAS, BRENT MAGGIO, RYAN BARTHOLOMEW, and WAYNE ANASTASIAS,** <br> *Defendants.* | Civil Action No. 2:22-cv-04918-ES-JBC <br><br> Hon. Esther Salas, U.S.D.J. <br><br> RETURN DATE: November 7, 2022 |

**<u>AMENDED</u> BRIEF IN SUPPORT OF THE MOTION OF LESLIE A. FARBER, LLC, AND LESLIE A. FARBER, ESQ., INDIVIDUALLY, TO WITHDRAW AS LOCAL COUNSEL FROM REPRESENTATION OF LIVEUNIVERSE, INC.**

Leslie A. Farber, Esq.
    On the Brief

LESLIE A. FARBER, LLC
105 Grove Street, Suite 1
Montclair, NJ 07042
Local Attorneys for Plaintiff

**TABLE OF CONTENTS**

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

LEGAL ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

    Withdrawal Is Proper Because the Client Insists Upon Taking Action with Which the
    Lawyer has a Fundamental Disagreement, Representation has been Rendered
    Unreasonably Difficult by the Client, Because the Case is in its Infancy, and Because
    Withdrawal will not Prejudice the Client, or Affect Administration of or Delay
    Resolution of the Case. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

        Withdrawal is Proper Under the Criteria of L. Civ. R. 102.1 and RPC 1.16 . . . . . 4

        The Supporting Declaration Should be Filed Under Seal Viewable only by the
        Court in camera and by the Plaintiff and its Pro Hac Vice Counsel. . . . . . . . . . . . 6

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

## TABLE OF AUTHORITIES

**CASES**

Haines v. Liggett Group, Inc., 814 F. Supp. 414 (D.N.J. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Magargal v. New Jersey, No. 3:2007-cv-03531 (ECF 35), 2011 U.S. Dist. LEXIS 130949
        (D.N.J. Nov. 14, 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Marketvision/Gateway Res. v. Priority Pay Payroll, 2:10-cv-1547 (ECF 57), 2011 U.S. Dist.
        LEXIS 74851 (D.N.J. July 12, 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Richmond v. Winchance Solar Fujian Tech. Co., No. 3:2013-cv-01954 (ECF 109) (D.N.J.
        Aug. 5, 2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

U.S. Ex. Rel. Cherry Hill Conv. Ctr. V. Healthcare Rehab. Sys., 994 F. Supp. 224 (D.N.J. 1997)
        . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

**LOCAL CIVIL RULES**

102.1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

**NEW JERSEY RULES OF PROFESSIONAL CONDUCT**

1.16(b). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

## STATEMENT OF FACTS

New Jersey attorney Leslie A. Farber, Esq. of the law firm Leslie A. Farber, LLC, is local counsel for the Plaintiff in the above captioned case.    It has been anticipated that a motion to admit Plaintiff's New York counsel, Maria Isabel S. Guerrero, Esq., as pro hac vice will be filed in this case.

Leslie A. Farber, Esq., and the law firm Leslie A. Farber, LLC, are filing this Motion to Withdraw as local counsel for Plaintiff per Local Civil Rule 102.1 and New Jersey Rule of Professional Conduct 1.16, to permit Ms. Farber to submit a separate confidential Declaration to the Court under seal for *in camera* review and to Plaintiff and its New York attorney only, and to allow Plaintiff thirty (30) days to secure new local counsel and stay any pending hearings and deadlines, accordingly.

New York attorney Maria Isabel S. Guerrero, Esq., has been and remains as Plaintiff's New York attorney.  Leslie A. Farber, Esq., and her law firm were retained to act only as local counsel for Plaintiff on or about June 8, 2022.  Plaintiff's Complaint against Defendants was filed August 8, 2022. (ECF No. 1).  It was intended that a motion to admit Ms. Guerrero as pro hac vic would be filed, but that has not occurred yet.

Local counsel, Leslie A. Farber, Esq., and Leslie A. Farber, LLC, are filing the within Motion because of numerous and ongoing disagreements between this attorney and the Plaintiff and pro hac vice counsel over the scope of this attorney's representation, the apportionment and control of tasks, drafting of documents, the Plaintiff repeatedly insisting upon taking actions or not taking actions with which this attorney has a fundamental disagreement, and now has terminated this attorney's services via email, falsely accused the attorney of breaching fiduciary duty and of stealing the client's funds from payment of counsel fees, thereby making

1

representing Plaintiff unreasonably difficult by the Plaintiff, and other confidential matters that would be detailed in a separate confidential Declaration to filed under seal for in camera review if the Court allows.   In order to avoid potential prejudice to LiveUniverse, Inc., counsel refrains in the public filing from setting forth further details and seeks leave to file a separate Declaration under seal for in camera review, due to the highly confidential nature of the statements in that separate Declaration.  *See* Farber Declaration.

This attorney believes that her withdrawal as local counsel can be accomplished without any material adverse effect on the interests of the Plaintiff as the New Jersey Rules of Professional Conduct dictate or on the posture of the case.  The attorney also believes that her withdrawal would not cause prejudice to any litigant, cause harm to the administration of justice, or delay resolution of the case.

There currently are pending a Motion to Dismiss Plaintiff's Complaint filed by Defendants, ViralHog, LLC, KMMT, LLC, Brent Maggio, and Ryan Bartholomew (ECF No. 7), and a Motion to Consolidate this case with number 2:21-cv-20054, filed by Plaintiff (ECF No. 36 in the 2:21-cv-20054 case).  Any opposition to the Motion to Dismiss has not been filed yet and is due to be filed by October 24, 2022.  No party has filed an Answer in the case and the case has not progressed past the pleading stage.

This attorney has filed a separate motion to withdraw from case 2:21-cv-20054 (Plaintiff is Palisades Capital, Inc., which has the same person as principal) for essentially the same reasons stated herein.

A status conference by telephone is scheduled to take place on October 5, 2022, at 12:00 p.m.  Plaintiff's New York attorney, Maria Isabel S. Guerrero, Esq., who has been admitted pro hac vice in the 2:21 cv 20054 case, has stated that she is unable to participate in this conference.

2

Plaintiff's counsel has requested that this conference be rescheduled for various reasons.  An

Initial Conference to set a discovery has not taken place yet, but is scheduled for January 25,

2023, at 11:30 a.m. before Magistrate Judge James B. Clark.

This case has not progressed past the initial motion or pleading stage, no discovery has

taken place, and no trial date has been set.

## LEGAL ARGUMENT

**Withdrawal Is Proper Because the Client Insists Upon Taking Action with Which the Lawyer has a Fundamental Disagreement, Representation has been Rendered Unreasonably Difficult by the Client, Because the Case is in its Infancy, and Because Withdrawal will not Prejudice the Client, or Affect Administration of or Delay Resolution of the Case.** L. Civ. R. 102.1; RPC 1.16.

A.    **Withdrawal is Proper Under the Criteria of L. Civ. R. 102.1 and RPC 1.16**.

New Jersey Rule of Professional Conduct 1.16(b), states that a lawyer may withdraw from representing a client (4) if the client insists upon taking action with which the lawyer has a fundamental disagreement, (6) the representation has been rendered unreasonably difficult by the client, *or* (7) other cause exists.

Local Civil Rule 102.1 "Withdrawal of Appearance," provides as follows that, "[u]nless other counsel is substituted, no attorney may withdraw an appearance except by leave of Court." An attorney's application for withdrawal is within the discretion of the Court.  In considering an attorney's application to withdraw, the Court looks at (1) the reasons why withdrawal is sought, (2) any prejudice withdrawal may cause to litigants, (3) any harm withdrawal might cause to the administration of justice and (4) the degree to which withdrawal will delay resolution of the case.  *Haines v. Liggett Group, Inc.,* 814 F. Supp. 414, 423 (D.N.J. 1993).

Courts may grant withdrawal from representation under various circumstances where the litigation is still in its early stage or there is more than one firm representing the client. *See, e.g., Richmond v. Winchance Solar Fujian Tech. Co.,* No. 3:2013-cv-01954 (ECF 109) (D.N.J. Aug. 5, 2014); *see also* cases where withdrawal permitted when litigation was in relative infancy or early stages, *Magargal v. New Jersey*, No. 3:2007-cv-03531 (ECF 35), 2011 U.S. Dist. LEXIS 130949 (D.N.J. Nov. 14, 2011), and *Marketvision/Gateway Res. v. Priority Pay Payroll*, 2:10-cv-1547 (ECF 57), 2011 U.S. Dist. LEXIS 74851 (D.N.J. July 12, 2011).  Moreover,

withdrawal is proper where no the attorney and client have "become mired" in an attorney fee disputer, where there is no prejudice to any party, no final pretrial order has been entered or a trial date scheduled. *U.S. Ex. Rel. Cherry Hill Conv. Ctr. V. Healthcare Rehab. Sys.,* 994 F. Supp. 224, 252-253 (D.N.J. 1997).

Here, local counsel seeks to withdraw because of numerous and ongoing disputes between the attorney and the Plaintiff and pro hac vice counsel over the scope of local counsel's representation, the apportionment and control of tasks, drafting of documents, as well as the Plaintiff repeatedly insisting upon taking actions or not taking actions with which Ms. Farber has a fundamental disagreement, making representation unreasonably difficult by the client, and other confidential matters that would be detailed in a separate confidential Declaration filed under seal if the Court allows. The client also has falsely accused the attorney of breach of fiduciary duty and theft of client's fees paid to the attorney.

Plaintiff has an attorney admitted in the State of New York who is expected to be admitted pro hac vice by a motion yet to be filed. So Plaintiff only needs to retain new local counsel.

Moreover, while there are pending motions, these all are preliminary proceedings and no party has filed an Answer in the case. The case is still in its infancy, and there has been no initial scheduling conference, no discovery and no trial date set.

When the Court reviews the Declaration of Counsel sought to be filed under seal in camera, it will see that the Declaration contains only confidential information about the matter and thus does not implicate any party's interests in this litigation.

Therefore, because the client insists upon taking actions with which the lawyer has a fundamental disagreement, and the client has terminated the attorney's services, accused the

5

attorney of breach of fiduciary duties and of stealing the client's funds, legal representation has

been rendered unreasonably difficult by the client, and other cause exists, there is good and just

cause to justify the withdrawal of local counsel for Plaintiff.  Moreover, since the client has

another attorney, no party would be prejudiced by a short delay for Plaintiff to retain new local

counsel.

**B.      The Supporting Declaration Should be Filed Under Seal Viewable only by the Court in camera and by the Plaintiff and its Pro Hac Vice Counsel.**

Because the proposed separate confidential Declaration pertains exclusively to communi-

cations and/or documents exchanged between the Plaintiff, its representative, pro hac vice

counsel, and local counsel, in camera review without viewing by any other party or its counsel is

necessary to preserve the confidentiality of the attorney-client relationship, and to avoid any

potential prejudice to Plaintiff.

When the Court reviews the proposed Declaration in camera, it will see that the

Declaration contains only confidential information about the issues described above and thus

does not implicate any defendant's interests in the litigation.

If this counsel is permitted to withdraw, counsel respectfully requests that the Court stay

and delay any scheduled proceedings and deadlines by at least thirty (30) days to allow for the

entry of an appearance of a successor local counsel.

Accordingly, for all the foregoing reasons, including the contents set forth in the

Declarations of Leslie A. Farber, Esq. (one of which counsel seeks to file under seal for in

camera review), counsel respectfully urges the Court grant the Motion to Withdraw as counsel

for LiveUniverse, Inc., and to delay or adjourn all pending deadlines and hearings accordingly.

6

## CONCLUSION

The law firm of Leslie A. Farber, LLC, and Leslie A. Farber, Esq., individually, should

be permitted to withdraw as counsel for Plaintiff and the Court should delay or adjourn all

pending deadlines and hearings accordingly for all of the foregoing reasons.

LESLIE A. FARBER, LLC
Local Counsel for Plaintiff

By:      /s/ Leslie A. Farber

Dated: October 3, 2022                  Leslie A. Farber
                                        105 Grove Street, Suite 1
                                        Montclair, NJ 07042
                                        Ph. (973) 7-7-3322
                                        email: LFarber@LFarberLaw.com