**LAW OFFICES OF HOWARD A. GUTMAN**
230 Route 206, Suite 307
Flanders, New Jersey 07836
(973) 598-1980 Cell (973) 479-5515

June 27, 2023

The Hon. James B. Clark, III
Magistrate Judge
United States District Court
District of New Jersey
Newark, New Jersey 07102

Re: Live Universe Inc. v. Muijres, et. al.
   Civil Action No. 2:22-04918

Dear Judge Clark:

I am local counsel for plaintiff and write respectfully in response to counsel for ICONV defendants' letter of June 26, and in support of a final extension request.  Mr. Duston ends his letter saying, "should the Court grant the requested adjournment, the Court also make clear that there will be no further delay in adjudicating the pending motions." We certainly could not object to that.

Defendant does not disagree that the current schedule has a very short window of 4 days between adjudication of the motion to withdraw and due date for response to the dismissal motions, (with a holiday, July 4th in between).  If the Court agrees that withdrawal is appropriate, a modest time for new counsel to be secured, enter its appearance, and file opposition would be appropriate and consistent with existing law. Slack v. Kariko, No. C20-05508-RSM-SKV (W.D. Wash. Apr. 25, 2022).

Let me respectfully clarify my role.  I was engaged as local counsel, and that was confirmed by my client with other counsel already in place.  One would need considerable familiarity with both facts and applicable law to prepare opposition and my client did not request that I do such research in this complex matter and instead stated that would be done by other counsel.  See moving certification of counsel.  More significantly, there are disagreements over how any opposition would be handled were I

[1]

to try to do so.    I have an obligation to independently review documents and can only file pleadings with a reasonable legal and factual basis for filing.

Preparation of opposing affidavits and briefs requires careful coordination between lawyer and client and agreement on both means and goals.  That would not be possible here and is one reason why I requested to withdraw and the existence of such disagreement has been held to provide grounds for withdrawal.  See G.W. v. Ringwood Bd. of Educ. Civil Action 21-20657 (EP) (JSA), at *6 (D.N.J. Oct. 27, 2022) (discussing disagreement between attorney and client as grounds for withdrawal), Hamor v. Springpoint at Montgomery, No. A-5537-18T2, at *8 (App. Div. Dec. 15, 2020) (permission for withdrawal affirmed in situation where there were fundamental disagreements between lawyer and client).

If nothing else, the detailed chronicle defendant provides would illustrate the need for coordination between attorney and client to address these charges, concede items where appropriate and clarify where needed.  One can see challenges in the case history.

I can assure the Court that I have not stood idly by and have attempted to arrange an orderly substitution.   New counsel will see a file with constant attention and multiple communications from our office.  I do not seek added extensions lightly when a Magistrate has set a date and do not file motions to withdraw as a matter of course. To my recollection I have not filed such an application in the last 10 years in either state or federal court.  Again in terms of scheduling, I hoped the motion to withdraw would be heard in at least some time before the date for filing opposition or mooted with a substitution from new counsel.

Hopefully from my perspective, the Court will grant the motion to withdraw, direct appointment of new counsel within a short window, and such counsel selected by plaintiff can prepare appropriate opposition and have the issues decided on the merits.

Respectfully yours,

*Howard Gutman*

Howard A. Gutman

cc:  all counsel; Maria Guerrero, Esq.

*Yes we prepared a website dealing with RICO claims (not our primary firm site) but that site discusses many of the challenges in such cases and the careful scrutiny these claims require.   RICO is not an easy statute nor one where there have been a large number of civil verdicts.  There is a strange disconnect in defendant's papers, suggesting there are indisputably multiple grounds for dismissal including its overseas location, but that opposition could be easily and quickly filed.    Note I have an independent obligation of review and can only file pleadings with a reasonable legal and factual basis for filing.

[3]