# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **LIVE UNIVERSE, INC.,** | : | |
| | : | |
| | : | |
| | : | Civil Action No.: 2:22-cv-04918-ES-JBC |
| Plaintiff, | : | |
| | : | |
| | : | |
| v. | : | **OPPOSITION** |
| | : | |
| | : | **TO MOTIONS TO DISMISS** |
| **RENE MUIJRES, et al.,** | : | |
| | : | **AND** |
| Defendants. | : | |
| | : | **AMENDED MOTION TO** |
| | : | |
| | : | **AMEND COMPLAINT** |

Plaintiff, Live Universe, Inc., hereinafter also referred to as LIVE, respectfully responds jointly to the Motions to Dismiss of Defendants as well as seeking Leave to Amend the Complaint:

**Contents**

| | | |
|---|---|---|
| I. | Introduction | pg. 5 |
| II. | Statement of Facts | pg. 5 |
| III. | The Standard of a Motion to Dismiss | pg. 6 |
| IV. | Legal Argument | pg. 8 |
| | a. Leave to Amend the Complaint Should be Granted | pg. 8 |
| | b. Dismissal is not Warranted | pg. 9 |
| | c. Joinder will Prevent Duplicative Litigation | pg. 10 |
| | d. The Pleadings are Grounded in Colorable Claims | pg. 10 |
| | e. The Amendments are Not Clearly Futile | pg. 11 |
| V. | Conclusion | pg. 12 |

## *Cases*

*Alston v. Parker, 363 F. 3d 229, 235 (3rd Cir. 2004) – pg. 8*

*Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937 (2009) – pg. 6*

*ATSI Commc'ns v. Shaar Fund, Ltd. 493 F.3d 87, 98 (2d Cir. 2007) – pg. 7*

*Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) – pg. 6*

*Foman v. Davis, 371 U.S. 178, 182 (1962) – pg. 8*

*Harrison Beverage Co. v. Dribeck Importers, Inc., 133 F.R.D. 463, 468 (D.N.J. 1990) - pg. 11*

*In re Methyl Tertiary Butyl Ether Prods., 457 F. Supp. 2d 455, 459 (S.D.N.Y. 2006) – pg. 7*

*In re NYSE Specialists Sec. Litig., 503 F.3d 90, 95 (2d Cir.2007) – pg. 6*

*Law Offices of Curtis V. Trinko, L.L.P. v. Bell Atlantic Corp., 309 F.3d 71, 74 (2d Cir. 2002) - pg. 7*

*Morse v. Lower Merion School Dist., 132 F. 3d 902, 906 (3d Cir. 1997) – pg. 10*

*Ofori-Tenkorang v. American Int'l Group, Inc. 460 F.3d 296,298 (2d Cir 2006) – pg.6*

*Pharmaceutical Sales and Consulting Corp. v. J.W.S. Delavau Co., Inc., 106 F.Supp.2d 761, 764 (D.N.J.2000) – pg. 11*

*Swierkiewicz v. Sorema N. A., 534 U. S. 506 , n. 1 , (2002) – pg.6*

*TotesIsotoner Corp. v. U.S., 594 F.3d 1346, 1354 (Fed. Cir. 2010) – pg. 7*

*William A. Graham v. Haughey, 568 F. 3d 425 (3rd Cir. 2009) - pg. 6*

*Zenith Radio Corp. v. Hazeltine Research Inc., 401 U.S. 321, 330 (1970) – pg. 8*

## *Rules*

*Fed. R. Civ. P.8(a) – pg. 6*

*Fed. R. Civ. P.12(b)(6) – pg. 6*

*Fed. R. Civ. P.15(a)(2) – pg. 5*

*Fed. R. Civ. P.19 – pg. 5*

*Fed. R. Civ. P.20 – pg. 5*

***Treatises***

*Restatement (Second) of Agency § 228 (1958)*

*Wright, Miller & Kane, Federal Practice and Procedure, § 1487 (2d ed. 1990) – pg. 11*

Plaintiff hereby submits the following Memorandum of Points and Authorities in support of its Oppostion to Motions to Dismiss and its Motion for Leave to Amend the Complaint and Joinder as follows:

## I. INTRODUCTION

Pursuant to Federal Rule[s] of Civil Procedure 15(a)(2), 15(d), 19 and 20, Plaintiff respectfully moves to amend its complaint and move to join James Tarpey, John Kushman, and Kelly Monson as defendants in this case.

## II. STATEMENT OF FACTS

On August 4, 2022, the Plaintiff LiveUnivese, Inc., filed the operative complaint against Defendants Rene Muijrers, IconV SPRL, Techie Hosting, Inc., ViralHog, LLC, Christopher Vandeyver, Ivan Russo, KMMT, LLC, Theodora Hatzikostas, Brent Maggio, Ryan Bartholomew, and Wayne Anastasias and was given case #2:22-cv-04918.  After Defendants motions to dismiss were terminated, the Court granted them another opportunity, and defendants filed new motions to dismiss on April 24, 2023. Plaintiff now moves the Court for permission and leave to amend the complaint pursuant to 15(a)(2), to remove Theodora Hatzikostas as a defendant and adding new defendants James Tarpey, John Kushman, and Kelly Monson who defendants admitted in their April 24, 2023 Motion to Dismiss (Dkt. 41) are the true Managing Members of existing Defendant KMMT, LLC. *Attached hereto as Exhibit "A" is a true and correct copy of the proposed amended complaint as set forth herein.*

LIVE seeks to amend its original complaint to add defendants and related facts that will clarify this matter, that were not discoverable within the statute of limitations of 17 U.S.C. § 507(b)

under the "discovery rule" adopted by the Third Circuit in *William A. Graham v. Haughey*, 568 F. 3d 425 (3rd Cir. 2009). With this clarification, LIVE's Amended Complaint is sufficient and should not be dismissed under FRCP 12(b)(6) or for any other reason.

### III.    The Standard of a Motion to Dismiss

A motion to dismiss under Rule 12(b)(6) is a test of the sufficiency of a complaint, permitting the court to dismiss a complaint when it "[fails] to state a claim upon which relief can be granted". Under the Federal Rules of Civil Procedure, a claimant must only provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a). In assessing the sufficiency of plaintiff's complaint under Rule 12(b) (6), a Court must "draw all inferences in the light most favorable to the non-moving party." *In re NYSE Specialists Sec. Litig.*, 503 F.3d 90, 95 (2d Cir.2007). Specifically, "a Complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949-50 (2009), quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In *Iqbal*, the Supreme Court set forth a two-pronged guide for a trial court's analysis. First, the trial court ruling on a defendant's motion to dismiss, must accept as true a Complaint's factual allegations (*Twombly* at 547, citing *Swierkiewicz v. Sorema* N. A., 534 U. S. 506 , n. 1, (2002)), and draw all reasonable inferences from those allegations in favor of the plaintiff. *Ofori-Tenkorang v. American Int'l Group, Inc.* 460 F.3d 296,298 (2d Cir 2006). The court should then identify those statements in the Complaint that "because they are no more than conclusions, are not entitled to the assumption of truth;" (emphasis added) *Iqbal*, 556 U.S. at 679, 129 S.Ct. at 1950 and the allegations in the complaint must meet the standard of "plausibility". *Twombly*, 127 S. Ct. at 1970. The complaint need not provide detailed factual allegations but must

sufficiently state the grounds upon which the plaintiff's claim rests "through factual allegations sufficient 'to raise a right to relief above the speculative level.'" *ATSI Commc'ns v. Shaar Fund, Ltd.* 493 F.3d 87, 98 (2d Cir. 2007). Once it has stripped away the conclusory allegations, the court may then determine whether the complaint's "well-pleaded allegations…plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679, 129 S.Ct. at 1950. Moreover, plaintiffs must allege sufficient facts to "nudge … their claims across the line from conceivable to plausible. *Twombly* at 570. Though the court must accept the factual allegation as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." Iqbal at 1949 (quoting Twombly at 555). "[T]he claim may still fail as a matter of law . . . if the claim is not legally feasible" under those facts. *In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.*, 457 F. Supp. 2d 455, 459 (S.D.N.Y. 2006). Thus, "bald assertions and conclusions of law will not suffice." *Law Offices of Curtis V. Trinko, L.L.P. v. Bell Atlantic Corp.*, 309 F.3d 71, 74 (2d Cir. 2002).

During this threshold review, "[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Twombly* at 583. In particular, "[a] claim has facial plausibility [only] when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Iqbal* at 1949 (citing Twombly at 556), and the factual matter alleged must "raise a right to relief above the speculative level," *TotesIsotoner Corp. v. U.S.*, 594 F.3d 1346, 1354 (Fed. Cir. 2010). A Complaint must contain more than "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*. (quoting *Twombly* at 557) (alteration in original). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Twombly* at 570. Thus, pleadings that contain "no more than conclusions ... are not entitled to the assumption of truth" otherwise applicable to complaints in the context of motions to dismiss. *Iqbal*

at 679. Also See *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). "[D]etermining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense." *Iqbal* at 663-664, citing *Twombly* at 556.

## IV.     Legal Arguments

### a.     Leave to Amend the Complaint Should be Granted, Rather than Dismissal.

The Third Circuit has held "that even when a plaintiff does not seek to amend, if a complaint is vulnerable to a 12(b)(6) dismissal, a District Court must permit a curative amendment, unless an amendment would be inequitable or futile." Alston v. Parker, 363 F. 3d 229, 235 (3rd Cir. 2004). Further, Federal Rule of Civil Procedure 15(a)(2) applies to this Motion To Amend The Complaint and provides that the Court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave to amend is liberally granted unless there is: (1) undue delay or prejudice; (2) bad faith; (3) dilatory motive; (4) failure to cure deficiencies through previous amendment; or (5) futility. *Foman v. Davis*, 371 U.S. 178, 182 (1962). The ultimate decision to grant or deny leave to amend is a matter committed to the court's sound discretion. See, e.g., *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1970). The Third Circuit has "made clear that there is to be a liberal use of Rule 15 to amend complaints so as to state additional causes of action." *Leased Optical Dep't, Inc. v. Opti-Center, Inc.*, 120 F.R.D. 476, 479 (D.N.J. 1988) (quotes omitted).

Here, Plaintiffs are not making substantive changes to the complaint. They are adding additional facts that support the causes of action included in the complaint and are adding additional defendants. Also, Plaintiff seeks to amend the complaint because it is essential to LIVE's opposition to the Defendants' Motion to Dismiss. LIVE respectfully seeks the Court to allow filing

of the Amended Complaint. This amendment will cure any defect in the initial Complaint and provide "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft. V. Iqbal*, 556 U.S. 662, 678 (2009), such that Defendants' motion to dismiss must be denied.

None of the factors for denial are present in this case. The proposed amendment clearly would not be futile because it adds defendants and states sufficient facts to allow LIVE to avail itself of the "discovery rule" adopted in *William A. Graham v. Haughey*, 568 F. 3d 425 (3rd Cir. 2009). Under that rule, LIVE can rebut the Defendants' affirmative defense of any statute because LIVE can establish that it did not discover, nor in the exercise of reasonable diligence should have discovered, all relevant Defendants. Id. at 438. It would be inequitable to deny LIVE the chance to state facts that are relevant on the determinative issues and adding all relevant parties. Defendants also bear the burden of substantiating any argument under *Graham*, 568 F.3d at 438. At this stage it is still premature to even consider this argument when LIVE could have no reason to suspect other unknown defendants and issues as set forth above.

In sum, justice requires Amendment of the Complaint to state sufficient facts about LIVE's discovery of all Defendants' and infringement to withstand Defendants' Fed. R. Civ. P. 12(b) (6) motion.

**b.      Dismissal is Not Warranted.**

The pending motions are premature and inappropriate simply seeking to effectuate launch a summary judgment argument.  The only thing to be resolved in a Fed. R. Civ. P. 12(b)(6) motion is whether the complaint is sufficient at this point as a matter of law. This Court must accept the allegations pleaded by the Plaintiff as well as those sought within the amended complaint as true.

*Morse v. Lower Merion School Dist.*, 132 F. 3d 902.   Therefore, LIVE's Complaint, and its amended complaint to add relevant defendants can be accepted as true at this point and tested subsequently through further discovery, and clearly not dismissed.

**c.      Joinder Will Prevent Duplicative Litigation**

Joining the new defendants will prevent multiple litigation as if the joinder is not granted, the Plaintiff will have to file a new Federal complaint against said defendants with the same claims that make up the existing complaint. The claims against the new defendants here have common allegations with the existing defendants and having separate juries resolve the same factual questions and evaluate the same damages might well lead to inconsistent results. Both cases assert the same tort claims, seek the same damages, and involve essentially the same issues of fact. "[T]he joinder of these parties will promote trial convenience and will prevent the possibility, if not the likelihood, of multiple litigation." *Grogan v. Babson Bros. Co.*, 101 F.R.D. 697, 699 (N.D.N.Y. 1984) (permitting non-diverse defendant to be joined under Rule 20); see also *Buffalo State Alumni Ass'n*, 251 F. Supp. 3d at 570 ("[J]udicial economy will be furthered by preventing the proliferation of multiple litigations.").

**d.      The Pleadings Are Grounded In Colorable Claims**

In assessing whether a plaintiff has fraudulently joined a defendant, the Court must focus on the factual allegation in the Complaint.  *Briscoe*, 448 F.3d 201, 217 (3d Cir. 2006). Unless the claims against the non-diverse defendant is "wholly insubstantial and frivolous," joinder cannot be considered fraudulent. Id. at 218. When the district court reviews the Plaintiffs pleadings, it "must assume as true all factual allegations of the complaint. It also must resolve any

uncertainties as to the current state of controlling substantive law in favor of the

plaintiff." *Briscoe*, 448 F.3d at 217 (quoting Batoff, 977 F.2d at 851-52).

### e.      The Amendments are Not Clearly Futile

The futility analysis on a motion to amend compares to a Rule 12(b)(6) motion. See *In re*

*NAHC, Inc. Sec. Litig*., 306 F.3d 1314, 1332 (3d Cir. 2002) ("An amendment would be futile

when 'the complaint, as amended, would fail to state a claim upon which relief could be

granted.'"). For a complaint to survive dismissal, it "must contain sufficient factual matter,

accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556

U.S. 662 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, (2007)). Given the liberal

standard for the amendment of pleadings, "courts place a heavy burden on opponents who wish

to declare a proposed amendment futile." *Pharmaceutical Sales and Consulting Corp. v. J.W.S.*

*Delavau Co., Inc.*, 106 F. Supp. 2d 761, 764 (D.N.J. 2000) (citations omitted). Although tracking

Rule 12(b)(6), Rule 15 futility does not contemplate substantive motion practice on the merits of

the claims: If a proposed amendment is not clearly futile, then denial of leave to amend is

improper. This does not require the parties to engage in the equivalent of substantive motion

practice upon the proposed new claim or defense; this does require, however, that the newly

asserted defense appear to be sufficiently well- grounded in fact or law that it is not a frivolous

pursuit. *Harrison Beverage Co. v. Dribeck Importers, Inc.*, 133 F.R.D. 463, 468 (D.N.J.1990)

(emphases added) (citations omitted); see also *Wright, Miller & Kane Federal Practice and*

*Procedure*, §1487 (2d ed. 1990). Effectively, this means that the proposed amendment must be

"frivolous or advance a claim or defense that is legally insufficient on its face . . . ." *Marlowe*

*Patent Holdings, LLC v. Dice Electronics, LLC.*, 293 F.R.D. 688, 695 (D.N.J. 2013). Plaintiff's proposed amendments are not clearly futile.

### V.       CONCLUSION

LIVE's Complaint was timely filed, and now the amended motion to amend is timely as well pursuant to the Court Order. This Court may take the facts in LIVE's Complaint, and amended complaint, as true. In light of these facts, the Court should deny all pending motions to dismiss for any procedural reason, and allow LIVE to amend its Complaint to allow this matter to move forward substantively. Because the LIVE  has shown good cause that outweighs any prejudice to the Defendants from and leave to amend the complaint as it would serve the interests of justice.

Respectfully submitted,

**DiMEDIO LAW**

**By:**  */s/ Kevin J. DiMedio*

**Date:**  September 1, 2023                   **KEVIN J. DIMEDIO, ESQ.**
New Jersey ID No.: 009102000
35 Kings Highway East, Ste. 212
P.O. Box 284
Haddonfield, New Jersey 08033
Telephone:  (856) 428-5577
admin@dimediolaw.com
Attorneys for Plaintiffs

## <u>CERTIFICATE OF SERVICE</u>

I, Kevin J. DiMedio, Esq, hereby certify that the foregoing Opposition and AMENDED Motion to Amend has been served on counsel of record for all parties via ECF as of the below date.

Respectfully submitted,

**DiMEDIO LAW**

**By:** _/s/ Kevin J. DiMedio_

**Date:**  September 1, 2023                    **KEVIN J. DIMEDIO, ESQ.**