

400 Crossing Boulevard
8th Floor
P.O. Box 5933
Bridgewater, NJ  08807

T: 908-722-0700
F: 908-722-0755

*Direct Dial: 908-252-4208*
*Email: naduston@norris-law.com*

October 26, 2023

**Via ECF**
Hon. James B. Clark III
U.S. District Court for the District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut St.
Newark, New Jersey 07102

   Re: LiveUniverse, Inc. v. Muijrers
      Civil Action No. 2:22-cv-4918-ES-JBC

Dear Judge Clark:

  This firm represents Defendants, Rene Muijrers ("Muijrers") and ICONV SPRL ("ICONV") (collectively the "ICONV Defendants") in the above-referenced matter. The ICONV Defendants respectfully submit this letter in opposition to Plaintiff, LiveUniverse, Inc.'s ("Plaintiff") letter requesting leave to file a reply brief in further support of its untimely Cross-Motion to amend the Complaint. (ECF No. 71.)

  To summarize the already-convoluted history of this case with respect to the ICONV Defendants' Motion to Dismiss and Plaintiff's (untimely) Cross-Motion we list the following:

- On April 24, 2023, the ICONV Defendants and several other defendants filed their respective Motions to Dismiss Plaintiff's Complaint. (ECF Nos. 39-41.)

- On May 22, 2023, Plaintiff's former "local counsel" requested a 30-day extension to respond to the Motions to Dismiss, and also sought to withdraw from this matter. The Court granted Plaintiff's counsel's request to file a motion to withdraw, and in doing so, adjourned the motion date. (ECF No. 44.)

- On July 31, 2023, Plaintiff's current "local counsel," Kevin DiMedio, requested another adjournment of the motion date. (ECF No. 51.) The Court generously granted Mr. DiMedio's request, and ordered Plaintiff to respond to the Motions to Dismiss by August 14, 2023. (ECF No. 52.)

- On August 14, 2023, Plaintiff ostensibly finally filed its purported "opposition" to the Motions to Dismiss; however, what Plaintiff actually submitted was an



**Norris McLaughlin, P.A.**

October 26, 2023
Page 2

       untimely *Cross-Motion* to amend his Complaint, to which Plaintiff attached a 96-page Proposed Amended Complaint. (ECF No. 53.)  Plaintiff's Cross-Motion violates Your Honor's February 22, 2023 Order, which clearly set a March 24, 2023 deadline by which to amend the Complaint. (ECF No. 37.)

- Plaintiff filed two additional – and *different* – versions of the Proposed Amended Complaint on August 27, 2023 and September 1, 2023 (ECF Nos. 56, 62).

- On October 6, 2023, the ICONV Defendants filed a reply brief in further support of their April 24, 2023 Motion to Dismiss and in opposition to Plaintiff's Cross-Motion to amend the Complaint. (ECF No. 66.)

- On October 21, 2023, Plaintiff – improperly – filed a reply brief in further support of its Cross-Motion to amend without seeking leave of Court under Local Civil Rule 7.1(h). (ECF No. 69.).  The Court struck Plaintiff's improper reply brief on October 23, 2023. (ECF No. 70.)

- On October 24, 2023, after being ordered once again to follow the procedures set forth in the Local Civil Rules, Plaintiff requested leave to file a reply brief in further support of its Cross-Motion to amend. (ECF No. 71.)

       As the Court reminded Plaintiff in its October 23, 2023 Letter Order (ECF No. 70), under Local Civil Rule 7.1(h), "[n]o reply brief in support of [a] cross-motion shall be served and filed without leave of the assigned Judge."  L. Civ. R. 7.1(h).  Even in Plaintiff's October 24, 2023 letter, Plaintiff makes no attempt to explain why it would be in the "interests of justice" for the Court to grant leave for Plaintiff to file yet another brief in support of its Cross-Motion.

       Moreover, *none* of the arguments raised in Plaintiff's proposed reply brief (ECF No. 66) were raised in Plaintiff's initial brief in support its Cross-Motion to amend the Complaint.  This, alone, should be reason enough for the Court to deny Plaintiff's request.  "It is, of course, inappropriate to raise an argument for the first time in a reply brief."  Oberwager v. McKechnie Ltd., 351 F. App'x 708, 711 (3d Cir. 2009); see also Jurista v. Amerinox Processing, Inc., 492 B.R. 707, 779 (D.N.J. 2013) ("[I]t is well established that new arguments cannot be raised for the first time in reply briefs").

       Once again, Plaintiff is maneuvering in bad faith to waste the Courts' and the parties' time.  If Plaintiff had a good faith basis to proceed with Plaintiff's claims, Plaintiff would have explained the reasons in the original "opposition" (a/k/a improper cross motion).  Instead, Plaintiff said nothing about its claims *at all*, and nothing about Defendants' motions to dismiss *at all*.  Plaintiff merely filed boilerplate law surrounding leave to amend while completely ignoring the substance of Defendants' motions.  Only *after* seeing Defendants' reply briefs, and having the opportunity to fully review Defendants' arguments, did Plaintiff try—for the *first* time—to provide the Court with any law that was even *close* to related to Plaintiff's claims.

**Norris McLaughlin, P.A.**

October 26, 2023
Page 3

      This is what is colloquially known as "sandbagging" one's opponent. Plaintiff had ample opportunity to explain in its prior brief why its claims should survive. It chose not to. The Court should make Plaintiff live with that choice.

      For these reasons, Plaintiff's request for leave to file a reply brief in further support of its Cross-Motion to amend the Complaint should be denied. We thank the Court for its time and attention to this matter.

      Respectfully Submitted,

      **Norris McLaughlin, P.A.**

      By: _/s/ Nicholas Duston_
      Nicholas Duston

CC:    All counsel of record (by ECF)