LiveUniverse, Inc.

96 Clinton Ave

Suite 183

Newark, NJ 07114

November 6, 2024

Hon. James B. Clark, III

United States Magistrate Judge

District Court for the District of New Jersey

50 Walnut St.

Newark, NJ 07102

RE: Live Universe, Inc. v. Rene Muijres, et al.

Civil Action No. 2:22-04918 – ES – JBC

Dear Judge Clark:

    We are contacting you to request the time allowing for the Plaintiff's new counsel to appear before this honorable Court be extended until thirty days from the date Defendants satisfy the Court's September 25, 2024 order which stated:

> "Plaintiff shall file the Amended Complaint on the docket by October 2, 2024, and serve the Amended Complaint in accordance with the applicable federal and local rules. *Thereafter, in accordance with the applicable federal and local rules, Defendants shall respond to Plaintiff's Amended Complaint.* "

The Court's keen detection revealed the despicable truth - Plaintiff's former counsel deliberately withheld crucial information from the Plaintiff, as ordered by the Court on October 22, 2024 (Dkt. 93). The former counsel's inability to comply with the Court's October 29, 2024 Order to provide proof of service by email and physical address by November 1, 2024 only solidifies their deceitful actions.

    Our company has just now been made aware of our former counsel's motion to withdraw, the blatant lies and omissions they used in their withdrawal documents and communications with the Court, and the November 6, 2024 deadline for an appearance by new counsel. It is clear that our former counsel was intentionally trying to mislead the Court to insure a withdrawl on the timeline they wanted.

1

The Plaintiff adamantly disputes the dishonest and self-serving statements made by their former Counsel to this Court. The Plaintiff believes that no further details are necessary, as the actions of their former Counsel (as described above) clearly demonstrate their lack of credibility and willingness to make false statements directly to the Court.

Critically, Plaintiff because of the lack of notice provided by former counsel, requires more time to find new counsel and thus an extension is reasonable and warranted under the circumstances. (a timeline is included in Exhibit #1 attached to consider the prejudice to the Plaintiff and boon to Defendants not extending the time and restoring the proper sequence ie: Defendant response preceding the deadline for new acounsel appearance)

It is crucial that the defendants are given a chance to respond before the deadline for the Plaintiff's new counsel to appear. This is important because all potential new counsel we have spoken to want to understand the defendants' position, what they will need to oppose, and how much time and resources they will have to invest in this case. If the Court does not require the defendants to respond before the deadline for new counsel to appear, it would unjustly prejudice the Plaintiff and create a significant burden while granting the defendants an unequal advantage After already giving them an extra 45 days to respond (pushing their original deadline of October 23rd to December 2nd).

Best Regards

LIVEUNIVERSE, INC.

/s/ Brad Greenspan

By: Brad Greenspan

President

2

Exhibit #1

The Defendants were initially required to respond by October 23, 2024. The Court Sep 30, 2024 order to "Set Deadlines as to 85 Amended MOTION to Amend" while scheduling Withdraw as Attorney "Motion set for 11/4/2024" rightfully left "in accordance with the applicable federal and local rules" a Oct 23 deadline to "respond" to the Amended Complaint.

Six days after the Amended Complaint was filed (Dkt 86), with Defendants having only 15 days remaining to respond, Plaintiff's self-serving former counsel took action to accelerate his departure unwilling to wait until the Court's scheduled disposition date of November 4 . This Court on October 10, 2024 set a Telephone conference for 10/22/2024 (Dkt 89) but again rightfully left "in accordance with the applicable federal and local rules" a Oct 23 deadline to "respond" to the Amended Complaint.

The next day on October 12, 2024, one defendant sought to take advantage of the situation by filing an Application to extend time to answer. (Dkt 90) Then the second group of defendants on Oct 15 did the same (Dkt 91). After what appears to be ex parte telephone conferences badgering the Court on October 15th, the defendants achieve getting the Court on Oct 16 to move the answer deadline back to November 6, 2024. Inequitably causing the Court to move the date the Answer is due to come after the date new counsel would have at the earliest been required to appear, instead of the date "in accordance with the applicable federal and local rules" which was a Oct 23 deadline to "respond" to the Amended Complaint, and such date being _before_ the new counsel would need to appear in this matter.

The Court on October 22, 2024 based on more false statements and omissions by our former counsel, was convinced to accelerate the withdrawl timeline while giving defendants even more of an inequitable benefit of another 26 day extension.

Again with no rationale or reason. Ultimately the defendants were able to move the Plaintiff's deadline for new counsel to appear in front of their own deadline which is set by Federal and local law. There is no reason why the defendants could not respond by the original date of October 23, 2024 other then they want to get undeserved non-meritous benefits. The Plaintiff has filed the Amended Complaint per the Court's Order timely on October 2, 2024 and is entitled to the defendants obligation to "respond" on the record.