```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY

LIVEUNIVERSE, INC.,                .
                                   .
      Plaintiff,                   .
                                   . Case No. 22-cv-04918
vs.                                .
                                   . Newark, New Jersey
MUIJRERS, et al.,                  . November 13, 2024
                                   .
      Defendants.                  .
                                   .


                       TRANSCRIPT OF HEARING
             BEFORE THE HONORABLE JAMES B. CLARK, III
                  UNITED STATES MAGISTRATE JUDGE


APPEARANCES (the parties appeared via teleconference):

For the Plaintiff:      ANDERS WENSTRAND-NAUSTHAUG, ESQ.
                        Wenstrand Law LLC
                        20 Commerce Drive, Suite 135
                        Cranford, NJ 07016
                        (347) 697-8579
                        anders@wenstrandlaw.com



For the Defendants      MICHAEL TOWNSEND, ESQ.
Rene Muijrers, et       Norris McLaughlin, P.A.
al.:                    400 Crossing Boulevard, 8th Floor
                        Bridgewater, NJ 08807
                        (908) 252-4242
                        mtownsend@norris-law.com



Audio Operator:

Transcription Service:   KING TRANSCRIPTION SERVICES, LLC
                         3 South Corporate Drive, Suite 203
                         Riverdale, NJ  07457
                         (973) 237-6080

Proceedings recorded by electronic sound recording (not all
parties were discernible on the record); transcript produced
by transcription service.
```

```
 1  (APPEARANCES continued)

 2  For the Defendants      NICHOLAS A. DUSTON, ESQ.
    Rene Muijrers, et       Norris McLaughlin, P.A.
 3  al.:                    400 Crossing Boulevard, 8th Floor
                            Bridgewater, NJ 08807
 4                          (908) 722-0700
                            naduston@norris-law.com
 5

 6  For the Defendants      CATHERINE B. DERENZE, ESQ.
    Techie Hosting          Lite DePalma Greenberg & Afanador, LLC
 7  Inc., et al.:           570 Broad Street, Suite 1201
                            Newark, NJ 07102
 8                          (973) 623-3000
                            cderenze@litedepalma.com
 9

10  For the Defendants      MATTHEW H. SONTZ, ESQ.
    ViralHog LLC, et        Law Office of Matthew H. Sontz, LLC
11  al.:                    53 Cardinal Drive, 3rd Floor
                            Westfield, NJ 07090
12                          (908) 389-1330
                            Mhs@sontzlaw.com
13
                            MARTIN ROGERS, ESQ.
14                          Worden Thane P.C
                            321 W. Broadway Street, Suite 300
15                          Missoula, MT 59802
                            (406) 721-3400
16

17

18

19

20

21

22

23

24

25
```

```
 1                  (Commencement of proceedings)
 2
 3              THE COURT:  Hey, folks, Judge Clark here.  Let me
 4   say before we get started, we're on the record in
 5   LiveUniverse versus Muijrers.  It's Docket Number 22-4918
 6   (ES).  And it is 10 minutes after 11:00 on morning of
 7   November 13th, 2024.
 8              Can I have appearances of counsel for both sides,
 9   please.
10              MR. WENSTRAND:  Yes, Your Honor.  This is Anders
11   Wenstrand appearing for the plaintiff.
12              THE COURT:  Good morning.
13              MR. WENSTRAND:  Good morning, Your Honor.
14              MR. DUSTON:  And, Your Honor, you have Nick Duston
15   and Mike Townsend from Norris McLaughlin for ICONV and
16   Mr. Muijrers.
17              THE COURT:  Good morning.
18              MS. DERENZE:  Good morning, Your Honor.  Catherine
19   Derenze of Lite DePalma Greenberg & Afanador on behalf of
20   Techie Hosting and Wayne Anastasias.  Good morning.
21              THE COURT:  Good morning.
22              MR. ROGERS:  Good morning, Your Honor.  Martin
23   Rogers and Matthew Sontz for ViralHog, KMMT, Brent, Ryan,
24   John, Kelly, and James.
25              THE COURT:  All right.  Good morning.
```

```
 1              And, Mr. Wenstrand, you have with you your client;
 2   is that right?
 3              MR. WENSTRAND:  That's correct, Your Honor.  He's
 4   on the line as well.
 5              THE COURT:  All right, Mr. Wenstrand.  It's my
 6   understanding that you are not admitted in this court and you
 7   haven't entered an appearance; is that right?
 8              MR. WENSTRAND:  That is right, Your Honor.  I was
 9   retained this morning.  And I have not been admitted in the
10   federal court in the District of New Jersey.  However, I will
11   proceed with that today and sending those papers via PACER.
12              I am admitted in New Jersey.
13              THE COURT:  Well, I gave Mr. Greenspan until the
14   6th of November to get counsel.  And you're showing up at the
15   eleventh hour.
16              I don't know what's going on in this case.  But,
17   frankly, I don't like it.  We've let -- you know, three
18   attorneys have come and gone.  The most recent attorney that
19   we let out was supposed to put on the record certain
20   information regarding the plaintiff, including email and
21   physical address utilized to serve the plaintiff.  That was
22   never put on the record.
23              What gives?
24              MR. WENSTRAND:  Your Honor, obviously, having been
25   retained this morning, the extent of my detailed knowledge of
```

1 | all of the events that happened prior is a little bit
2 | limited.  You know, I would like to -- you know, I need to
3 | speak to my client in more detail about those events.
4 | You know, our goal is to simply try and see if we
5 | can get the case and proceed as according to the original
6 | schedule.
7 | THE COURT:  I'm not convinced that a lot of things
8 | are being done on the up-and-up here.  So, frankly, I'm going
9 | to direct that previous counsel, he is still being served
10 | with information, Mr. DiMedio has to put in the information
11 | that I ordered he put in -- onto the record -- in the record
12 | in my order of October 22nd.  He's got to provide the Court
13 | with the email and the physical address utilized to serve the
14 | plaintiff.  And he's got to do that within 10 days or we're
15 | going to recommend -- we're either going to impose sanctions
16 | or recommend contempt.  All right?  That's number one.
17 | And, number two, I'm going to do an order to show
18 | cause.  And I'll give you dates, Mr. Wenstrand, if you are,
19 | in fact, retained and enter an appearance.  I'm going to do
20 | an order to show cause why this case shouldn't be --
21 | shouldn't be dismissed for lack of prosecution.  And we'll
22 | put in that order to show cause a date by which you can
23 | submit a paper, if you're, in fact, retained and if you
24 | remain in this litigation, to explain why the case shouldn't
25 | be dismissed for lack of prosecution.

```
 1              You know, do the defendants have anything to add to
 2    this?
 3              MR. ROGERS:  Your Honor, this is Nick Duston
 4    speaking for ICONV and Mr. Muijrers.
 5              Yes, we do, actually.
 6              So, first of all, now that we have someone on the
 7    line who, before we were on the record, identified themselves
 8    as the president of LiveUniverse, I would request that while
 9    we're on the record, we have him say that as well.  Number
10    one.
11              And, number two, that person is Mr. Brad Greenspan,
12    who was the plaintiff in the state court action that we have,
13    you know, put in record in this court about repeatedly.  That
14    action resulted in a dismissal of my clients on
15    jurisdictional grounds.
16              And I would request, if the Court will entertain
17    it, that the order to show cause not only asks that the
18    plaintiff show cause why the case shouldn't be dismissed for
19    lack of prosecution but also why it shouldn't be dismissed on
20    jurisdictional grounds.
21              THE COURT:  Well, we already have a motion out
22    there floating -- a motion like that was already made --
23    right? -- Mr. Duston?
24              MR. DUSTON:  That's -- yes, Your Honor.  But that
25    has several times been administratively terminated in favor
```

```
 1  of amending the complaint, which is part of the game that the
 2  plaintiff has been playing alongside the carousel of
 3  attorneys.
 4              THE COURT:  Oh, I -- Mr. Duston, we won't --
 5         (Simultaneous conversation)
 6              THE COURT:
 7              MR. DUSTON:  -- amendment --
 8         (Simultaneous conversation)
 9              THE COURT:  We won't bar you from making that
10  motion when the time comes.
11              But I want to address the issue I raised about
12  nonprosecution first.
13              Mr. Greenspan, are you, in fact, a principal of
14  this company?
15              MR. GREENSPAN:  Your Honor, I am here for the --
16              THE COURT:  Mr. Greenspan, we can't hear you.
17  Let's put our mouth up to the phone --
18         (Simultaneous conversation)
19              MR. GREENSPAN:  Your Honor, I think there's been a
20  misunderstanding because it appears that you did not receive
21  the filing -- the letter that was put in the drop box in the
22  court on November 6th addressed to you.
23              I -- a couple of minutes ago, I emailed to the
24  Court address that we listed for getting documents related to
25  sealing or filing that I think you'll copy of the --
```

```
 1              THE COURT:  Mr. Greenspan, hold on.  Hold on --
 2         (Simultaneous conversation)
 3              THE COURT:  We have a drop box here -- wait a
 4   second.  We have a drop box here.  But we have an efile
 5   system that I expect people to avail themselves of when
 6   they're putting letters in so that those letters appear on
 7   the docket and as part of the record.
 8              This is -- I don't know what you guys are doing,
 9   but this case has not been litigated properly from the
10   get-go.  And I don't like the games that you seem to be
11   playing.
12              MR. GREENSPAN:  I've sent the timely notice
13   explaining some -- explaining -- provides answers to some of
14   the matters you were raising and --
15              THE COURT:  Well, why wasn't that document efiled?
16              MR. GREENSPAN:  I don't have ECF.  The company
17   doesn't have ECF.
18              THE COURT:  Well, you were told to have an attorney
19   by the date, and that attorney could have efiled the
20   document.  But instead you file a document -- you can't
21   represent the company on your own and be a pro se -- and the
22   company can't be a pro se litigant.
23              Mr. Greenspan, you're not doing anything by the
24   book.  And, again, I don't like it.  I think you're -- I
25   think you're giving the -- you're jerking the defendants
```

1   around, and you're jerking the Court around at this point.

2              MR. GREENSPAN:  Your Honor, the case is a very --
3   case, and we are acting in good faith in trying to prosecute
4   the case.  We've invested a lot of time and effort for
5   multiple years.  And --

6              THE COURT:  And if I'm to believe the defendants,
7   you're already litigated it in state court, and it was
8   dismissed.

9              So why are we here?

10             MR. GREENSPAN:  It's different defendants, and
11  different facts that came out after --

12             THE COURT:  Mr. Greenspan, look, you're the
13  principal of the company.

14             I've made my order.  You're going to have show
15  cause why this case should move forward.  You've been through
16  three attorneys.  You haven't followed the rules as far as
17  filing documents.

18             I can barely hear you on this call.  Nobody on your
19  side has complied with any of the orders I've issued from the
20  time I got involved with you a couple of weeks ago on this
21  current spate of back-and-forth.

22             Forgive me for being a little skeptical that what
23  you're doing now is being done in good faith.

24             MR. GREENSPAN:  Well, I apologize, Your Honor.  We
25  just got an attorney that we believe will be more expeditious

1  in communicating --
2           THE COURT:  Well, again, forgive me for being
3  skeptical.  This is your fourth attorney.  And you got him
4  10 -- you know, near 10 days after I told you you were
5  supposed to have an attorney.
6           So, you know, enough.  I'm going to issue this
7  order.
8           If you guys want to -- if you guys want to respond
9  to the order to show cause, you go ahead and do that.
10          MR. GREENSPAN:  We -- respond -- date,
11 Your Honor -- with a drop box letter --
12          THE COURT:  All right.
13          Who wanted to say something?  Who else wanted to
14 say something?
15          MR. DUSTON:  Your Honor, it's Nick Duston.
16          And I'm sorry to be persistent.
17          But Mr. Greenspan has still not stated on the
18 record that he's the president of LiveUniverse and --
19     (Simultaneous conversation)
20          MR. DUSTON:  And it's very important that we have
21 him do that --
22     (Simultaneous conversation)
23          MR. GREENSPAN:  -- argument facts here and -- to --
24          MR. DUSTON:  No, no.  I'm sorry, Mr. Greenspan.  I
25 was speaking to the judge.

1                Judge --

2           THE COURT:  Mr. Greenspan --

3      (Simultaneous conversation)

4           THE COURT:  Mr. Greenspan --

5      (Simultaneous conversation)

6           THE COURT:  Mr. Greenspan, are you the president of

7    LiveUniverse?

8           You don't even want to answer the question.  And

9    you're telling me you're doing things in good faith and on

10   the up-and-up; right?

11          Are you going to answer the question?

12          MR. ROGERS:  Judge, Martin Rogers here, if you

13   don't mind.

14          THE COURT:  All right.  Well, Mr. Greenspan was

15   strangely silent.

16          All right, Mr. Rogers, yes.

17          MR. ROGERS:  I believe I heard a muffled Greenspan

18   say he was disconnecting because he didn't want to argue the

19   facts or something to that effect.

20          THE COURT:  All right.

21          MR. ROGERS:  But the real point of my speaking is,

22   Judge, if you would kindly, please --  bump our response

23   deadline, considering the order you're going to be issuing.

24          THE COURT:  Sure.  Yeah, we'll stay it pending the

25   hearing.  All right?

```
 1                MR. ROGERS:  Thanks, Judge.
 2                THE COURT:  Okay.  I don't think we have anything
 3   else.
 4                Mr. Wenstrand, are you still on the line?
 5                MR. WENSTRAND:  I am still on, Your Honor.  I will
 6   have a conversation with my client after this call.
 7                THE COURT:  Yeah, you know, not a good sign that he
 8   jumps off the phone when he's asked a pointed question.
 9                So, look, you decide what you're going to do as far
10   as representing the plaintiff.  But we're moving forward, as
11   I have indicated.  All right?
12                MR. WENSTRAND:  Understood, Your Honor.
13                THE COURT:  All right.  All right.
14                Take care, folks.
15                       (Conclusion of proceedings)
16
17
18
19
20
21
22
23
24
25
```

1 | Certification

2 | I, SARA L. KERN, Transcriptionist, do hereby certify
3 | that the 13 pages contained herein constitute a full, true,
4 | and accurate transcript from the official electronic
5 | recording of the proceedings had in the above-entitled
6 | matter; that research was performed on the spelling of proper
7 | names and utilizing the information provided, but that in
8 | many cases the spellings were educated guesses; that the
9 | transcript was prepared by me or under my direction and was
10 | done to the best of my skill and ability.

11 | I further certify that I am in no way related to any of
12 | the parties hereto nor am I in any way interested in the
13 | outcome hereof.

18 | s/ *Sara L. Kern*                              24th of December, 2024
19 | Signature of Approved Transcriber                      Date

Sara L. Kern, CET**D-338
King Transcription Services, LLC
3 South Corporate Drive, Suite 203
Riverdale, NJ  07457
(973) 237-6080