UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LIVEUNIVERSE, INC., | Civil Action No. 22-4918 (ES) |
| Plaintiff, | |
| v. | REPORT & RECOMMENDATION |
| RENE MUIJRERS, et al., | |
| Defendants. | |

**CLARK, Magistrate Judge**

This matter has been opened by the Court *sua sponte* based on the failure of Plaintiff LiveUniverse, Inc. ("LiveUniverse" or "Plaintiff") to comply with Court orders and prosecute its case. For the reasons that follow, it is respectfully recommended that Plaintiff's claims be dismissed with prejudice.

**BACKGROUND**

Plaintiff initial Complaint, which was filed on August 4, 2022, spans 301 paragraphs and asserts fifteen wide-ranging causes of action against Defendants Rene Muijrers, IconV SPRL, Techie Hosting, Inc., ViralHog, LLC, Christopher Vandevyver, Ivan Russo, KMMT, LLC, Theodora Hatzikostas, Brent Maggio, Ryan Bartholomew and Wayne Anastasias (collectively "Defendants").[1] *See* Dkt. No. 1, Complaint. According to Plaintiff's initial Complaint, Defendants, led by Defendant Muijrers, "orchestrated a scheme to defraud Plaintiff" which involved "taking Plaintiff's investment" in Belgian company Defendant IconV SPRL ("IconV"), the owner of "video sharing website" Liveleak.com ("Liveleak"), and "misappropriating [Liveleak's]

---

[1] Plaintiff's Complaint alleges various causes of action including violations of the Computer Fraud and Abuse Act, Fraudulent Misrepresentation, Misappropriation of Trade Secrets, Breach of Contract, Breach of Fiduciary Duty, Unjust Enrichment, Spoliation of Evidence, Tortious Interference, violations of the Sherman Act and Civil RICO. *See* Complaint.

1

intellectual property and trade secrets" for Defendants' own benefit thereby "essentially hollowing out Plaintiff's investment." Complaint at ¶1. Plaintiff contends that Defendants' scheme was perpetrated with the assistance of Defendant Techie Hosting, Inc. ("Techie"), which is located in Newark, New Jersey, and was "providing computer server hosting and technology support" for Liveleak. *Id.*

On September 14, 2022, Defendants Ryan Bartholomew, KMMT, LLC ("KMMT"), Brent Maggio and ViralHog, LLC ("ViralHog") filed a motion to dismiss Plaintiff's Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(1), (2), (3), (4) and (6). *See* Dkt. No. 7. Shortly thereafter, on October 3, 2022, Plaintiff's counsel, Leslie A. Farber, Esq. of Leslie A. Farber, LLC ("Farber") filed a motion to withdraw as counsel for Plaintiff. *See* Dkt. No. 16. In a declaration filed with Farber's motion, Ms. Farber stated that she sought to withdraw "because of numerous and ongoing disputes between [herself] and [Plaintiff] and *pro hac vice* counsel" including disputes over the drafting of documents and "Plaintiff repeatedly insisting upon taking actions or not taking actions with which [Ms. Farber] . . . had a fundamental disagreement . . . ." Dkt. No. 16-1 at ¶6. Although no counsel has ever sought or been granted leave to appear *pro hac vice* on behalf of Plaintiff in this matter, Ms. Farber's motion stated that "New York attorney Maria S. Guerrero, Esq., has been and remains Plaintiff's attorney." *Id.* at ¶ 3.

On October 7, 2022, Plaintiff filed a consent order substituting Howard A. Gutman, Esq. as counsel for Plaintiff in this matter. *See* Dkt. No. 23. Accordingly, on November 2, 2022, the Court terminated Farber's motion as moot. *See* Dkt. No. 28. Thereafter, pursuant to various requests submitted by the parties, the Court stayed all deadlines in this matter pending a motion to amend in a related but unconsolidated matter, Civil Action No. 21-20054, *Palisades Capital, Inc. v. Muijreres*, *et al.*, involving many of the same parties (the "Related Case"). *See* Dkt. No. 31.

2

The Related case was voluntarily dismissed on February 10, 2023. *See* Civil Action No. 21-20054, *Palisades Capital, Inc. v. Muijreres*, *et al.* at Dkt. No. 67. In response to an Order from the Court directing the parties to advise the Court of the current status of this matter in light of the voluntary dismissal of the Related Case [*see* Dkt. No. 35], Defendants filed a letter which included an email sent to Defendants from Mr. Gutman indicating that Plaintiff wished to move to amend [*see* Dkt. No. 36]. Accordingly, the Court entered an Order directing Plaintiff to move to amend by March 24, 2023. *See* Dkt. No. 37. Plaintiff did not move to amend and on March 27, 2023, Mr. Gutman filed a letter "to confirm that [P]laintiff has not filed a motion to amend the [C]omplaint." *See* Dkt. No. 38. Thereafter, on April 24, 2023, Defendants Bartholomew, KMMT, Maggio and ViralHog renewed their motion to dismiss [*see* Dkt. 41], and Defendants IconV and Muijrers [*see* Dkt. No. 39] and Defendants Anastasias and Techie [*see* Dkt. No. 40] also filed motions to dismiss.

Plaintiff's oppositions to Defendants' pending motions were due on May 26, 2023, and on May 22, 2023, Mr. Gutman filed a letter requesting a 30-day extension to oppose Defendants' motions to dismiss and leave to move to withdraw as counsel for Plaintiff. *See* Dkt. No. 43. In his letter, Mr. Gutman stated that he had been engaged to act as local counsel and "Maria Guerrero was to act as overall counsel" *Id.* at p. 1. In his role as local counsel, Mr. Gutman stated, he did not prepare or review Plaintiff's Complaint, did not have an in-depth understanding of the claims or issues in this matter and was primarily tasked with "arranging submission of papers prepared by other counsel . . . ." *Id.* at p. 1-2.  Mr. Gutman further advised that there had been "substantial disagreements in approach with [his] client" providing another reason for his desire to withdraw. *Id.* at p. 2.

The Court granted Mr. Gutman leave to file a motion to withdraw and extended the deadline for Plaintiff to respond to Defendants' motions to dismiss to July 6, 2023. *See* Dkt. No.

44. Mr. Gutman filed his motion to withdraw as counsel for Plaintiff on May 30, 2023, and repeated many of the same arguments set forth in his May 22, 2023 letter, including that he and Plaintiff had "significant challenges and differences of opinion" and that there was significant confusion regarding the roles and responsibilities of the various attorneys working on Plaintiff's behalf. Dkt. No. 45-1. On June 28, 2023, the Court entered an Order granting Mr. Gutman's motion to withdraw, allowing Plaintiff thirty days to respond to the pending motions to dismiss, and directing Mr. Gutman to serve a copy of the Court's Order on Plaintiff and file proof of such service with the Court. *See* Dkt. No. 49.

On July 31, 2023, Kevin J. DiMedio, Esq. of DiMedio Law filed a Notice of Appearance on behalf of Plaintiff. *See* Dkt. No. 50. Pursuant to Plaintiff's request [*see* Dkt. No. 51], the deadline for Plaintiff to oppose the pending motions to dismiss was extended to August 14, 2023 [*see* Dkt. No. 52]. Plaintiff filed its opposition to Defendants' pending motions on August 14, 2023. *See* Dkt. No. 53. Despite the multitude of arguments asserted by Defendants in their respective motions to dismiss, Plaintiff's collective opposition to Defendants' motions totaled only nine pages. *Id.* Plaintiff's opposition did not address any arguments set forth by Defendants in their motions and instead informally requested leave to amend its Complaint to remove Defendant Theodora Hatzikostas and name three additional defendants. *Id.* Plaintiff's submission did not include a red-lined version of its Proposed Amended Complaint in violation of Local Civil Rule 15.1(2) and the Court entered an Order directing Plaintiff to file a complying submission by August 25, 2023. *See* Dkt. No. 55.

Plaintiff filed a red-lined version of its Proposed Amended Complaint on August 27, 2023, two days after the deadline set by the Court. *See* Dkt. No. 56. As noted by Defendants, in addition to being filed after the deadline set by the Court, the Proposed Amended Complaint filed by

4

Plaintiff on August 27, 2023 added "ninety-three new, substantive allegations that were not included" in the Proposed Amended Complaint filed with Plaintiff's opposition on August 14, 2023. Dkt. No. 59 at p. 1. Accordingly, the Court entered an Order directing Plaintiff to file, by no later than September 1, 2023, a letter explaining its failure to comply with the Court's August 25, 2023 deadline along with "an amended cross-motion for leave to file an Amended Complaint which fully complies with the applicable Local Civil Rules." Dkt. No. 60 at p. 2. Plaintiff did not file a proper cross-motion as directed by the Court but refiled its initially filed brief in opposition to Defendants' motions to dismiss and attached yet another version of its Proposed Amended Complaint, which included allegations not set forth in either previously filed versions of its Proposed Amended Complaint. *See* Dkt. No. 62.

Defendants filed their respective reply briefs on October 6, 2023. *See* Dkt. Nos. 66, 67, 68. On October 21, 2023, Plaintiff, without requesting or receiving leave to do so, filed a sur-reply brief in violation of Local Civil Rule 7.1(h), which, for the first time, addressed certain substantive arguments raised by Defendants in their motions to dismiss. *See* Dkt. No. 69. Plaintiff's improper sur-reply was stricken by the Court on October 23, 2023. *See* Dkt. No. 70. On November 7, 2023, Alfred Constants, Esq. filed seven executed Summonses on the electronic docket in this matter. *See* Dkt. Nos. 73-79. Mr. Constants has never entered an appearance on behalf of any party in this matter and at the time of his filings Plaintiff was represented by Mr. DiMedio.

On November 16, 2023, the Court entered an Order terminating Defendants' motions to dismiss to "consider Plaintiff's request to amend before considering whether dismissal is warranted." *See* Dkt. No. 80. Thereafter, on September 25, 2024, the Court entered another Order accepting Plaintiff's Proposed Amended Complaint "[i]n the interests of final resolution" of this matter. *See* Dkt. No. 82. On September 26, 2024, the Court entered an Order scheduling a

5

telephone conference in this matter for October 10, 2024. *See* Dkt. No. 83.

Mr. DiMedio moved to withdraw as counsel for Plaintiff on September 30, 2024. *See* Dkt. No. 84. In his motion, Mr. DiMedio stated that he was hired to represent Plaintiff in a "limited" capacity and was told that Plaintiff had retained other counsel who then would "become attorney of record" but no other counsel had appeared. Dkt. No. 84-1 at ¶ 1-2. Additionally, Mr. DiMedio stated that he had not received payment from Plaintiff for any services rendered since October of 2023. *Id.* at ¶ 4. Following the October 10, 2024 telephone conference with the parties, the Court entered an Order scheduling a telephonic hearing to address Mr. DiMedio's motion to withdraw for October 22, 2024 and requiring Mr. DiMedio to serve Plaintiff with a copy of the Court's Order and file proof of such service by October 16, 2024. *See* Dkt. No. 89. The Court's Order further stated that Plaintiff, Mr. DiMedio and counsel for Defendants were to participate in the upcoming hearing. *Id.*

The Court held the scheduled hearing on Mr. DiMedio's motion on October 22, 2024 and granted Mr. DiMedio's motion to withdraw. *See* Dkt. No. 93. In its Order granting Mr. DiMedio's motion, the Court, in addition to directing Plaintiff to retain counsel and scheduling a telephone conference for November 13, 2024, ordered Mr. DiMedio to serve a copy of the same on Plaintiff and file proof of such service including "the email and physical address utilized to serve Plaintiff by November 1, 2024." *Id.* On October 29, 2024, Mr. DiMedio filed a letter stating that the Court's October 22, 2024 Order had been "directly emailed and received by both the Plaintiff, via its authorized representative, and also its other counsel Alfred Constants . . . and acknowledged by both as well." Dkt. No. 94 at p. 1. The Court entered an Order on October 29, 2024, again directing Mr. DiMedio to file proof of service containing the email and physical address utilized to serve Plaintiff by November 1, 2024. *See* Dkt. No. 95. Mr. DiMedio did not do so.

On November 7, 2024, the Court received a letter from Brad Greenspan, who identified himself as President of LiveUniverse. *See* Dkt. No. 100. In his letter, Mr. Greenspan, in addition to stating that he was unaware of Mr. DiMedio's withdraw, requested that he not be required to retain counsel until Defendants had filed their responses to the Amended Complaint because "all potential new counsel . . . want to understand the [D]efendants' position, what they will need to oppose, and how much time and resources they will have to invest in this case." *Id* at p. 1-2. Mr. Greenspan's letter listed an address for Plaintiff of 96 Clinton Ave., Suite 183, Newark, NJ 07114. *Id* at p. 1.

The Court held the scheduled telephone conference on November 13, 2024 at 11:00 AM. Although no counsel had entered an appearance on behalf of Plaintiff, Anders Wenstrand-Nausthaug, Esq. appeared for the telephone conference as counsel for Plaintiff. Dkt. No. 107 at 3:10-11. Mr. Greenspan also appeared. *Id.* at 7:15. Despite participating in the telephone conference and engaging in a verbal back and forth with the Court, Mr. Greenspan repeatedly refused to respond when asked by the Court whether he was indeed a principal of Plaintiff. *Id.* at 7:13-25, 9:12-23, 10:15-25, 11:6-20. When pressed by the Court a final time to state whether he was "the president of LiveUniverse," Mr. Greenspan said he was "disconnecting because he didn't want to argue the facts or something to that effect." *Id.* at 11:6-19. Also on November 13, 2024, at 11:13 AM, the Court received an email with the subject "Proof filed letter nov 6" from "cfius1@outlook.com" which included a photograph of Mr. Greenspan's November 7, 2024 letter.

On November 13, 2024, following the telephone conference, the Court entered an Order to Show Cause requiring Plaintiff to file a written submission by November 27, 2024 and appear in-person along with his counsel before the Court for a hearing on December 17, 2024 to demonstrate why this case should not be recommended for dismissal based upon Plaintiff's failure to prosecute

7

its claims. *See* Dkt. No. 98. The Court's Order to Show Cause required Mr. DiMedio to serve a copy of the same on Plaintiff via email to cfius1@outlook.com, the email address previously utilized by Plaintiff to communicate with the Court. *Id.* Mr. DiMedio filed a letter on November 21, 2024 stating that he had served the Order to Show Cause on Plaintiff via email at the email address included therein and had also served Plaintiff with a copy via regular and certified mail to Plaintiff's mailing address.[2] *See* Dkt. No. 99. On November 27, 2024, the deadline for Plaintiff's written submission in response to the Order to Show Cause, Mr. Wenstrand-Nausthaug, Esq. filed a Notice of Appearance on behalf of Plaintiff. *See* Dkt. No. 101. Mr. Wenstrand-Nausthaug also filed a written submission on behalf of Plaintiff arguing against the dismissal of Plaintiff's claims. *See* Dkt. No. 102. Mr.

The Court held the scheduled Order to Show Cause hearing on December 17, 2024 at 10:30 AM. Mr. Wenstrand-Nausthaug appeared without Mr. Greenspan or any other representative of Plaintiff. Later on December 17, 2024, at 5:09 PM, Mr. Wenstrand-Nausthaug filed a letter "ask[ing] the [C]ourt not to hold [his] client's lack of appearance" at the Order to Show Cause hearing "against him as it considers its ruling." Dkt. No. 106 at p. 1. Mr. Wenstrand-Nausthaug stated that he "made an error and the client was not informed by me that his presence was mandatory." *Id.* The Court has received no further communication from Mr. Wenstrand-Nausthaug, Mr. Greenspan or any other representative of Plaintiff.

## **ANALYSIS**

The Federal Rules of Civil Procedure authorize courts to impose sanctions for failure to respond to court orders and for failure to prosecute a case. *See* FED. R. CIV. P. 37(b)(2), 41(b). In both instances, dismissal may be an appropriate penalty. *Id.* This Court recognizes the strong

---

[2] Mr. DiMedio listed 500 Paterson Plank Road, Suite 1002, Union City, NJ 07087 as Plaintiff's mailing address. Dkt. No. 99.

8

policy favoring decisions on the merits barring substantial circumstances in support of dismissal as a penalty. *See Hildebrand v. Allegheny County*, 923 F.3d 128, 132 (3d Cir. 2019).

In *Poulis v. State Farm Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), the Third Circuit identified six factors for courts to balance when deciding whether to impose an involuntary order of dismissal. The *Poulis* factors are:

> (1) The extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the plaintiff's conduct; (3) the history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim.

*Id.* at 868. No single *Poulis* factor is determinative and dismissal may be appropriate even if some of the factors are not met. *See Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992); *Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir. 1988). If a court finds dismissal appropriate under *Poulis*, it may dismiss an action *sua sponte*, pursuant to its inherent powers and Federal Rule of Civil Procedure 41(b). *See Iseley v. Bitner*, 216 F. App'x 252, 254-55 (3d Cir. 2007) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962)).

**1. Plaintiff's Personal Responsibility.** In this case, it appears that Plaintiff is largely, if not solely, responsible for its failure to comply with Court orders and prosecute its case. Plaintiff is currently on its fourth attorney in this matter. In seeking to withdraw, Plaintiff's previous attorneys have all cited similar justifications: Plaintiff's lack of cooperation, lack of payment, and especially concerning to the Court, the controlling role in this litigation played by counsel who has never appeared in this matter, specifically Maria Guerrero and Alfred Constants.[3] Although Mr.

---

[3] The Court notes that in *LIVEVIDEO.AI CORP, Plaintiff, v. SHARI REDSTONE, et al., Defendants. Additional Party Names: Christine Varney, Monica Seligman, Nat'l Amusements Inc., Paramount Glob., Inc., Skydance Media, LLC*, No. 24-CV-6290 (DEH) (BCM), 2025 WL 2933706, at *2 (S.D.N.Y. Aug. 12, 2025), *report and recommendation adopted sub nom. Livevideo.AI Corp v. Redstone*, No. 24 CIV. 6290 (DEH), 2025 WL 2778110 (S.D.N.Y. Sept. 30, 2025), Mr. Greenspan was found to have been electronically filing submissions "using the ECF credentials of [his]

9

Greenspan appeared for the November 13, 2024 telephone conference, he refused to respond to the Court's inquiries regarding his role as a representative of Plaintiff or provide Plaintiff's business address in New Jersey and ceased participation in the call when pressed by the Court. Additionally, neither Mr. Greenspan nor any other representative of Plaintiff appeared for the December 17, 2024 hearing. Mr. Wenstrand-Nausthaug's attempt to excuse Plaintiff's appearance as the result of his own "error" in failing to inform "the client . . . that his presence was mandatory" is unavailing. Dkt. No. 106. The Order to Show Cause, which clearly states that "Plaintiff and its counsel" were required to appear in person for the December 17, 2024 hearing [Dkt. No. 98 at p. 1], was served on directly on Plaintiff at its physical address and the email address utilized by Mr. Greenspan to communicate with the Court only a month prior by Mr. DiMedio [*see* Dkt. No. 99].

Thus, because the Court's Order to Show Cause, which clearly stated that Plaintiff's presence was mandatory at the December 17, 2024 hearing, was served directly on Plaintiff, the Court finds that Plaintiff's failure to appear is not attributable to its counsel's "error." Plaintiff, in failing to cooperate with its previous three attorneys, failing to timely or meaningfully respond to Defendants' filings, and failing to appear at the Order to Show Cause hearing, has made it impossible to meaningfully participate in this litigation. Despite its lengthy pendency, this case is still in its early stages, largely, if not wholly, due to Plaintiff's constant efforts to delay the disposition of Defendants' motions to dismiss its claims. Plaintiff's delay tactics and seeming lack of candor with the Court and Defendants leaves the Court to conclude that Plaintiff's primary motivation in this action is not the resolution of his claims but rather "continuing [its] pattern of vexatious litigation." *LIVEVIDEO.AI CORP, Plaintiff, v. SHARI REDSTONE, et al., Defendants.*

---

counsel of record, Alfred C. Constants III . . . ."

*Additional Party Names: Christine Varney, Monica Seligman, Nat'l Amusements Inc., Paramount Glob., Inc., Skydance Media, LLC*, No. 24-CV-6290 (DEH) (BCM), 2025 WL 2933706, at *2.

    **2. Prejudice to Defendants.** Permitting Plaintiff's claims to go forward when it has demonstrated an apparent refusal to meaningfully participate in advancing this case or comply with Court orders would cause manifest injustice to Defendants. Plaintiff initiated this action through its counsel and since that time has achieved little beyond wasting the time and resources of Defendants and of the Court. Defendants have no doubt expended significant resources responding to Plaintiff's various filings, including the filing of multiple motions to dismiss Plaintiff's claims without the benefit of any meaningful response from Plaintiff. Indeed, rather than respond to Defendants' arguments regarding the deficiencies in Plaintiff's claims, Plaintiff has continuously submitted procedurally deficient and substantively improper requests to amend its pleading, further demonstrating Plaintiff's pattern of delay and compounding the unnecessary and unproductive expenditure of Defendants' resources. Plaintiff's actions, or lack thereof, support dismissal. *See, e.g., Scarborough v. Eubanks*, 747 F.2d 871, 876 (3d Cir. 1984).

    **3. History of Dilatoriness.** Plaintiff has a history of dilatoriness. In response to Defendants' various motions to dismiss, Plaintiff has sought multiple extensions only to eventually file responses which fail to address any of Defendants' arguments or include any comprehensible discussion of the relevant law and facts and instead informally and improperly request to amend its pleading. Additionally, every time Plaintiff has found itself at the end of its granted extensions, its counsel has sought to withdraw further delaying any substantive participation by Plaintiff in this matter. Finally, despite being clearly instructed to do so, Plaintiff failed to appear for the Order to Show Cause hearing and has failed to communicate with the Court since. Accordingly, Plaintiff's inaction in this matter supports dismissal of its claims.

11

**4. Willfulness or Bad Faith.** Plaintiff's conduct in this matter supports a finding of bad faith. Plaintiff has failed to have the attorney(s) seemingly representing it in this matter enter an appearance or seek to be admitted *pro hac vice* and has instead proceeded through various attorneys acting as local counsel with no actual control over Plaintiff or this litigation. In doing so, Plaintiff has left the Court and Defendants without access to any actual representative of Plaintiff in what appears to be an effort to avoid providing crucial and basic information, such as the business address for Plaintiff in New Jersey, which is critically important given Defendants' assertion that Plaintiff "has attempted to manufacture injury in [this] forum by creating a sham corporation in New Jersey." Dkt. No. 7-17 at p. 1. Plaintiff's actions have rendered the orderly resolution of this matter impossible.

**5. Effectiveness of Alternative Sanctions.** Plaintiff's record of unresponsiveness and lack of candor with the Court suggests that alternative sanctions would be futile. Despite being given multiple opportunities to do so over several months, Plaintiff has not had its lead counsel appear in this matter, has not responded to the Court's various inquiries and did not appear before this Court when required to do so or otherwise participate in the proper prosecution of its claims. No other sanctions would be effective if Plaintiff does not heed them. *See Joyce v. Continental Airlines, Inc.*, No. 09-2460, 2011 WL 2610098, at *2 (D.N.J. June 15, 2011). As such, alternative sanctions would not be appropriate.

**6. Meritoriousness of the Claims.** The Court is unable to definitively determine the meritoriousness of Plaintiff's claims at this juncture. However, the Court has serious doubts as to the viability of Plaintiff's claims. In moving to dismiss Plaintiff's Complaint, Defendants asserted that Mr. Greenspan, after failing to prevail in nearly identical previous lawsuits, incorporated LiveUniverse after the injury alleged in this matter in an attempt to "manufacture injury" in New

Jersey. Dkt. No. 7-17 at p. 1. Defendants further contended that as a result of the dismissal with prejudice of Mr. Greenspan's prior action against them in the Superior Court of New Jersey (the "State Court Action"), this action is "barred by multiple preclusionary doctrines . . . ." Dkt. No. 39-2. Although Defendants' arguments have not yet been adjudicated in this matter, they give the Court serious doubts as to the merits of Plaintiff's claims.

In sum, despite being given multiple opportunities to do so, Plaintiff has failed to cooperate with its counsel, with Defendants, and with the Court. Plaintiff has yet to substantively participate in this matter despite its lengthy pendency and the Court's granting of countless extension requests. Mr. Greenspan, despite being served with the Court's Order to Show Cause, which clearly required his attendance at the Order to Show Cause hearing, did not appear. Furthermore, the attorney(s) substantively advising and representing Plaintiff in this matter have never appeared, leaving the Court and Defendants without access to Plaintiff's actual counsel. As such, Plaintiff's complete failure to participate in this litigation and willful abandonment of his claims, especially in light of serious doubts regarding the legitimacy of Plaintiff's claims, establish its inability to adequately prosecute this matter.

## CONCLUSION

The Court having considered this matter pursuant to FED. R. CIV. P. 78 and having given consideration of the *Poulis* factors;

**IT IS** on this **8th day of December, 2025**,

**RECOMMENDED** that Plaintiff's claims be **DISMISSED WITH PREJUDICE** pursuant to FED. R. CIV. P. 41(b); and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Order on Plaintiff; and it is further

**ORDERED** that the parties may file an objection within 14 days of the date of this Order pursuant to Fed. R. Civ. P. 72(b)(2).

 s/James B. Clark, III   
**HONORABLE JAMES B. CLARK, III**  
**UNITED STATES MAGISTRATE JUDGE**
