# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| LIVEUNIVERSE, INC., | Case No.: 2:22-cv-04918-ES-JBC |
| *Plaintiff*, | |
| v. | |
| RENE MUIJRERS, ICONV SPRL, TECHIE HOSTING, INC., VIRALHOG, LLC, CHRISTOPHER VANDEVYER, IVAN RUSSO, KMMT, LLC, THEODORA HATZIKOSTAS, BRENT MAGGIO, RYAN BARTHOLOMEW, and WAYNE ANASTASIA, | |
| *Defendants*. | |

**DEFENDANTS TECHIE HOSTING, INC. AND WAYNE ANASTASIA'S OPPOSITION TO PLAINTIFF'S OBJECTIONS TO REPORT & RECOMMENDATION**

Victor A. Afanador, Esq.
Catherine B. Derenze, Esq.
**LITE DEPALMA GREENBERG & AFANADOR, LLC**
570 Broad Street, Suite 1201
Newark, New Jersey 07102
Telephone: (973) 623-3000
Facsimile: (973) 623-0858
vafanador@litedepalma.com
cderenze@litedepalma.com

*Attorneys for Defendants Techie Hosting, Inc. and Wayne Anastasia*

## TABLE OF CONTENTS

TABLE OF AUTHORITIES..................................................................................................II

STANDARD OF REVIEW ...................................................................................................1

LEGAL ARGUMENT

    I.    THIS COURT SHOULD ADOPT MAGISTRATE JUDGE CLARK'S REPORT AND RECOMMENDATION ...............................................................................2

        A.  The R&R Correctly Determined that the Meritoriousness Factor is Neutral ..........3

        B.  Plaintiff Has Identified No Clear Error in the R&R's Finding that Plaintiff is Responsible for its Failure to Comply with Court Orders and to Prosecute Its Case.........................................................................................................4

        C.  Plaintiff Has Identified No Clear Legal Error in the R&R's Finding that Alternative Sanctions Would Be Futile..................................................................6

CONCLUSION......................................................................................................................8

# TABLE OF AUTHORITIES

*Cases*

*ABS Brokerage Servs. v. Penson Fin. Servs., Inc.*,
  Civ. No. 09-4590, 2010 U.S. Dist. LEXIS 83601, 2010 WL 3257992
  (D.N.J. Aug. 16, 2010) ................................................................................................. 2

*Bandelli v. State Farm Fire & Cas. Co.*,
  Civil Action No. 24-6518 (MAS) (RLS), 2025 U.S. Dist. LEXIS 254377
  (D.N.J. Dec. 9, 2025) .................................................................................................... 7

*Campillo v. Antaki*,
  Civil Action No. 19-cv-9298, 2025 U.S. Dist. LEXIS 147014 (D.N.J. July 31, 2025) ............ 4, 5

*Comsat, Inc. v. Pentagon Performance, Inc.*,
  Civil Action No. 17-12132 (SDW) (LDW), 2019 U.S. Dist. LEXIS 97242
  (D.N.J. Jan. 22, 2019) ................................................................................................... 5

*Edelson V., L.P. v. Encore Networks, Inc.*,
  No. 11-5802, 2012 U.S. Dist. LEXIS 147378 (D.N.J. Oct. 12, 2012) ............................... 1

*Equal Emp. Opportunity Comm'n v. City of Long Branch*,
  866 F.3d 93 (3d Cir. 2017) ............................................................................................ 2

*Foster v. Transunion*,
  No. 24-6109 (CPO/AMD), 2025 U.S. Dist. LEXIS 195884 (D.N.J. July 10, 2025) ............ 3

*Gov't Emps. Ins. Co. v. Caring Pain Mgmt. PC*,
  No. 2:22-cv-05017 (BRM) (JSA), 2025 U.S. Dist. LEXIS 203622
  (D.N.J. Oct. 15, 2025) .................................................................................................. 2

*Henderson v. Carlson*,
  812 F.2d 874 (3d Cir. 1987) .......................................................................................... 2

*Hildebrand v. Allegheny Cty.*,
  923 F.3d 128 (3d Cir. 2019) .......................................................................................... 4

*Livevideo.Ai Corp. v. Redstone*,
  No. 24-CV-6290 (DEH) (BCM), 2025 U.S. Dist. LEXIS 194990 (S.D.N.Y. Aug. 12, 2025) ..... 6

*Mathieu v. Citibank, N.A.*,
  Civil Action No. 22-4871 (ES) (JSA), 2025 U.S. Dist. LEXIS 112927
  (D.N.J. May 15, 2025) .................................................................................................. 5

*Mercer v. Under Armour, Inc.*,
  No. 16-581 (JHR/AMD), 2017 U.S. Dist. LEXIS 32073 (D.N.J. Feb. 3, 2017) .................. 3

*Moss-Brown v. State Farm Fire & Cas. Co.*,
   No. 24-8993 (KMW/EAP), 2025 U.S. Dist. LEXIS 198727 (D.N.J. July 23, 2025) ................... 5

*One SD Hoboken LLC v. Chandler*,
   No. 23cv13043 (EP) (MAH), 2025 U.S. Dist. LEXIS 170624 (D.N.J. Sep. 2, 2025) ................. 1

*Poulis v. State Farm Fire & Casualty Co.*,
   747 F.2d 863 (3d Cir. 1984) ............................................................................................... 2-3, 4

*Ross v. Va. Transp. Corp.*,
   No. 22-0744 (RMB/MJS), 2023 U.S. Dist. LEXIS 108359 (D.N.J. Apr. 18, 2023) ................... 5

*Sanchez v. Metlife, Inc.*,
   Civil Action No. 23-23073 (ES) (MAH), 2024 U.S. Dist. LEXIS 157561
   (D.N.J. Sep. 3, 2024) ............................................................................................................... 1

*Sokol v. Wells Fargo Bank, N.A.*,
   No. 21-16758 (FLW), 2022 U.S. Dist. LEXIS 162914 (D.N.J. Aug. 25, 2022) ......................... 3

*Unimaven, Inc. v. Tex. TR, LLC*,
   Civil Action No. 17-12008 (SDW) (LDW), 2020 U.S. Dist. LEXIS 87568
   (D.N.J. Mar. 18, 2020) ............................................................................................................ 5

**Rules**

28 U.S.C. § 636(b)(1)(A) ............................................................................................................... 1

28 U.S.C. § 636(b)(1)(C) ............................................................................................................... 1

Fed. R. Civ. P. 72 ........................................................................................................................... 1

Fed. R. Civ. P. 72(b) ................................................................................................................... 1, 2

Fed. R. Civ. P. 72(b)(2) ................................................................................................................. 2

L. Civ. R. 7.1(i) ............................................................................................................................. 2

L. Civ. R. 72.1(a)(2) ...................................................................................................................... 1

L. Civ. R. 72.1(c)(2) ...................................................................................................................... 1

Defendants Techie Hosting, Inc. and Wayne Anastasia ("Techie Defendants") respectfully submit this response opposing Plaintiff LiveUniverse, Inc.'s Objections ("Objections," ECF No. 109) to Magistrate Judge Clark's Report and Recommendation ("R&R," ECF No. 108). The R&R correctly recommends dismissal with prejudice under Federal Rule of Civil Procedure 41(b) based on Plaintiff's repeated failure to prosecute this action and failure to comply with Court orders. Plaintiff's Objections do not identify any legal or factual error in the R&R and should be overruled.

## **STANDARD OF REVIEW**

Magistrate judges may submit a report and recommendation of a dispositive matter to the district court. *See* 28 U.S.C. § 636(b)(1)(A) (provision conferring magistrate judges with authority to address certain pretrial matters); Fed. R. Civ. P. 72; L. Civ. R. 72.1(a)(2). The district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made in the report and recommendation." 28 U.S.C. § 636(b)(1)(C); L. Civ. R. 72.1(c)(2).

When a party properly objects to a report and recommendation, a magistrate judge's recommended disposition is subject to de novo review. Fed. R. Civ. P. 72(b). "As to uncontested portions of the report, the district court has discretion to choose an appropriate standard of review. At a minimum, what is not objected to, the district court reviews under the plain error or manifest injustice standard." *Sanchez v. Metlife, Inc.*, Civil Action No. 23-23073 (ES) (MAH), 2024 U.S. Dist. LEXIS 157561, at *12 (D.N.J. Sep. 3, 2024) (quoting *Edelson V., L.P. v. Encore Networks, Inc.*, No. 11-5802, 2012 U.S. Dist. LEXIS 147378, at *7 (D.N.J. Oct. 12, 2012)). Finally, "[w]here no objection has been made to a report and recommendation within 14 days, the district court should, as a matter of good practice, satisfy itself that there is no clear error on the face of the record before adopting the report and recommendation." *One SD Hoboken LLC v. Chandler*, No. 23cv13043 (EP) (MAH), 2025 U.S. Dist. LEXIS 170624, at *2-3 (D.N.J. Sep. 2, 2025) (first citing

1

Fed. R. Civ. P. 72(b), advisory committee notes; then citing *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987); *Equal Emp. Opportunity Comm'n v. City of Long Branch*, 866 F.3d 93, 100 (3d Cir. 2017)).

Magistrate Judge Clark issued the R&R on December 8, 2025, and instructed Plaintiff to "file an objection within 14 days of the date of this Order pursuant to FED. R. CIV. P. 72(b)(2)." (R&R at 14.) Plaintiff submitted its Objection after the December 22, 2025 deadline set by this Court, and neither explained why its submission was untimely nor argued that it had not been served with the R&R on December 8, 2025. (*See generally* Objection.) Accordingly, this Court should apply the "clear error" standard to its review of the R&R's disposition.

"A court commits clear legal error 'only if the record cannot support the findings that led to that ruling.'" *Gov't Emps. Ins. Co. v. Caring Pain Mgmt. PC*, No. 2:22-cv-05017 (BRM) (JSA), 2025 U.S. Dist. LEXIS 203622, at *4-5 (D.N.J. Oct. 15, 2025) (quoting *ABS Brokerage Servs. v. Penson Fin. Servs., Inc.*, Civ. No. 09-4590, 2010 U.S. Dist. LEXIS 83601, 2010 WL 3257992, at *6 (D.N.J. Aug. 16, 2010)). "Thus, a party must . . . demonstrate that (1) the holdings on which it bases its request were without support in the record, or (2) would result in 'manifest injustice' if not addressed." *Id.* Moreover, when the assertion is that the court overlooked something, the movant must point to some dispositive factual or legal matter that was presented to the court. *See* L. Civ. R. 7.1(i). Thus, "[m]ere disagreement with the Court's decision does not suffice." *Id.*

## LEGAL ARGUMENT

I. **THIS COURT SHOULD ADOPT MAGISTRATE JUDGE CLARK'S REPORT AND RECOMMENDATION.**

The R&R should be adopted because it rests on Plaintiff's sustained failure to prosecute and comply with Court orders and not, as Plaintiff wrongly claims, on any adjudication of the merits. Magistrate Judge Clark thoroughly analyzed each of the six factors set forth in *Poulis v.*

2

*State Farm Fire & Casualty Co.*, 747 F.2d 863, 868 (3d Cir. 1984) (hereinafter "*Poulis* factors"), and, after weighing these factors, correctly concluded that because five of the six *Poulis* factors were met, dismissal of Plaintiff's causes of action with prejudice is warranted. (*See* R&R at 8-13.) Plaintiff's Objections largely ignore that analysis and instead attempt to recast the R&R as an improper merits ruling. (*See generally* Objection.) That characterization is incorrect. Thus, this Court should adopt the R&R and dismiss Plaintiff's claims with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

### A. The R&R Correctly Determined that the Meritoriousness Factor is Neutral.

Plaintiff's Objections center around the sixth *Poulis* factor: the meritoriousness of the claim or defense, which is not a legitimate basis for the objection. (*See* Objections at pp. 3-17, 22-23.) This approach is flawed because the R&R found this factor as neutral. (*See* R&R at pp. 12-13 ("The Court is unable to definitively determine the meritoriousness of Plaintiff's claims at this juncture.")). This is a typical finding for cases at similar procedural postures. *See, e.g.*, *Foster v. Transunion*, No. 24-6109 (CPO/AMD), 2025 U.S. Dist. LEXIS 195884, at *12-13 (D.N.J. July 10, 2025) (recommending complaint be dismissed with prejudice although it found the sixth *Poulis* factor was neutral); *Sokol v. Wells Fargo Bank, N.A.*, No. 21-16758 (FLW), 2022 U.S. Dist. LEXIS 162914, at *16-17 (D.N.J. Aug. 25, 2022) (same); *Mercer v. Under Armour, Inc.*, No. 16-581 (JHR/AMD), 2017 U.S. Dist. LEXIS 32073, at *11-12 (D.N.J. Feb. 3, 2017) (same).

While the R&R expresses "doubts" as to whether Plaintiff has standing to assert its claims or whether those claims are precluded based on arguments Defendants raised in their oppositions to Plaintiff's Response to the Order to Show Cause (OSC), these limited references does not convert the R&R's *Poulis* analysis into a merits ruling. (R&R at 13.) Those references appear only

3

in the context of acknowledging that Defendants have raised defenses—without resolving them—and are not necessary to the dismissal recommendation. (*Id.*)

Further, "not all of the [*Poulis*] factors need to be satisfied to justify dismissal of a complaint for lack of prosecution." *Hildebrand v. Allegheny Cty.*, 923 F.3d 128, 132 (3d Cir. 2019). Here, the Magistrate Judge's recommendation rests on the five remaining *Poulis* factors: Plaintiff's personal responsibility, extensive history of dilatoriness, willful noncompliance with Court orders, prejudice to Defendants, and the futility of alternative sanctions. (R&R at 9-12.) Those factors independently and collectively support dismissal under Rule 41(b). Thus, even if the R&R had found "that Plaintiff's claim may likely be meritorious", the sixth *Poulis* "factor fails to overcome the other factors weighing in favor of dismissal." *Campillo v. Antaki*, Civil Action No. 19-cv-9298, 2025 U.S. Dist. LEXIS 147014, at *14 (D.N.J. July 31, 2025).

Accordingly, because Plaintiff fails to identify any "clear legal error" as to the R&R's finding that the sixth *Poulis* factor is neutral and the R&R did not include this as a determinative *Poulis* factor that warranted dismissal of its action, Plaintiff's attempt to transform a neutral merits finding into an improper merits adjudication should be rejected.

### B. Plaintiff Has Identified No Clear Error in the R&R's Finding that Plaintiff is Responsible for its Failure to Comply with Court Orders and to Prosecute Its Case.

The R&R correctly found that "Plaintiff is largely, if not solely responsible for its failure to comply with Court orders and prosecute its case." (R&R at 9.) Plaintiff's attempt to shift blame to its counsel or vague "procedural difficulties" and to attack the R&R's finding that Plaintiff's "primary motivation in this action is to . . . continue [its] pattern of vexatious litigation" unavailing. (Objection at 22, 24; R&R at 10-11 (alteration in original).)

4

This case did not falter due to Plaintiff's counsel. As the R&R details, Plaintiff cycled through multiple attorneys, each citing issues such as lack of cooperation, lack of payment, and confusion created by individuals directing the litigation without appearing before the Court. (R&R at 2-10.) That pattern supports the R&R's conclusion that responsibility lies with Plaintiff, not its counsel. Courts in this District have concluded the same. *See Unimaven, Inc. v. Tex. TR, LLC*, Civil Action No. 17-12008 (SDW) (LDW), 2020 U.S. Dist. LEXIS 87568, at *4 (D.N.J. Mar. 18, 2020) (D.N.J. Jan. 22, 2019) (finding party's failure to pay counsel supported striking answer); *Comsat, Inc. v. Pentagon Performance, Inc.*, Civil Action No. 17-12132 (SDW) (LDW), 2019 U.S. Dist. LEXIS 97242, at *4 (D.N.J. Jan. 22, 2019) (same); *see also Moss-Brown v. State Farm Fire & Cas. Co.*, No. 24-8993 (KMW/EAP), 2025 U.S. Dist. LEXIS 198727, at *9 (D.N.J. July 23, 2025) (finding party's failure to cooperate with her counsel supported conclusion party failed to prosecute her case); *Ross v. Va. Transp. Corp.*, No. 22-0744 (RMB/MJS), 2023 U.S. Dist. LEXIS 108359, at *5 (D.N.J. Apr. 18, 2023) (same).

Plaintiff's failure to appear at the OSC hearing also cannot be attributed to its counsel. The Order expressly required Plaintiff's appearance and was served directly on Plaintiff. (R&R at 7-8.) Plaintiff's decision not to appear at a hearing convened to determine whether dismissal was warranted is properly attributed to Plaintiff itself and Courts in this District have cited to a party's failure to attend an OSC hearing in support of *Campillo*, 2025 U.S. Dist. LEXIS 147014, at *11; *Mathieu v. Citibank, N.A.*, Civil Action No. 22-4871 (ES) (JSA), 2025 U.S. Dist. LEXIS 112927, at *5 (D.N.J. May 15, 2025).

Finally, the R&R's conclusion that Plaintiff's primary motivation in this action was not resolution on the merits but continuation of a vexatious litigation pattern is well supported by the record, contrary to Plaintiff's assertion. (R&R at 10-11; Objection at 22.) Throughout this

5

litigation, Plaintiff repeatedly avoided substantive adjudication by cycling through multiple attorneys, failing to cooperate with or pay counsel, submitting procedurally defective filings in lieu of meaningful responses, failing to appear at the OSC hearing despite direct service of notice, and seeking delay rather than engagement whenever compliance was required. (R&R at 2-8.) This conduct reflects a deliberate strategy of prolonging proceedings without advancing them and consuming judicial and party resources while avoiding accountability.

The R&R also cites to *Livevideo.Ai Corp. v. Redstone*, No. 24-CV-6290 (DEH) (BCM), 2025 U.S. Dist. LEXIS 194990 (S.D.N.Y. Aug. 12, 2025) in support of this finding. (R&R at 10-11.) There, the Southern District of New York detailed the litigation history of Brad Greenspan, who identified himself as Plaintiff's President in a letter to this Court. *Livevideo.Ai Corp.*, 2025 U.S. Dist. LEXIS 194990, at *7 (noting "at least three federal district courts have sanctioned him, refused to accept further filings from him, or both" because of his litigation tactics). The Southern District further concluded that Greenspan's entity (the plaintiff in the action) had engaged in a "pattern of vexatious litigation," including late filings, defying court orders, amongst other things. *Id.* at *51-52, 57-58. As the R&R details, Plaintiff has engaged in similar conduct here. (R&R at 2-8.)

For these reasons, Judge Clark concluded that Plaintiff bears personal responsibility for the conduct that led to dismissal, and this factor strongly supports this Court's adoption of the R&R.

### C. **Plaintiff Has Identified No Clear Legal Error in the R&R's Finding that Alternative Sanctions Would Be Futile.**

The Court should disregard Plaintiff's arguments that lesser sanctions, such as additional deadlines, monetary penalties, or further case-management orders, would cure its noncompliance. The record demonstrates otherwise.

6

As the R&R details, Judge Clark has already tried progressive, non-dispositive measures: extensions, explicit warnings of dismissal, and a formal OSC requiring Plaintiff's appearance. (R&R at 2-8.) None worked. Plaintiff continued to miss deadlines, failed to meaningfully respond to motions, and did not appear through any corporate representative at the OSC hearing convened to determine whether dismissal was warranted. (*Id.*) A party that ignores the Court's most basic directives cannot credibly claim that further intermediate sanctions would prompt compliance.

Plaintiff identifies no sanction it would now obey that it has not already disregarded. (Objection at 24, 26.) Plaintiff has repeatedly failed to comply with clear, unambiguous orders. (R&R at 2-8) More deadlines would merely reproduce the same pattern of noncompliance that has stalled this case. Nor would monetary sanctions be effective. Plaintiff's prior counsel withdrew for nonpayment. (R&R at 6.) Fines or fee-shifting would not secure compliance and would only prolong prejudice to Defendants.

Federal Rule of Civil Procedure 41(b) does not require the Court to engage in futile escalation where prior orders and warnings were ignored. *See Bandelli v. State Farm Fire & Cas. Co.*, Civil Action No. 24-6518 (MAS) (RLS), 2025 U.S. Dist. LEXIS 254377, at *15 (D.N.J. Dec. 9, 2025) ("given [p]laintiffs' disregard for the Courts orders and continued non-compliance, despite repeated opportunities to abide by their obligations, the Court cannot find any evidence to suggest that a lesser sanction would mitigate the ongoing prejudice to [d]efendant"). Accordingly, Judge Clark correctly concluded that dismissal is the only appropriate sanction.

## CONCLUSION

Plaintiff was afforded numerous opportunities to prosecute this case and comply with Court orders. It failed to do so. Judge Clark correctly applied Federal Rule of Civil Procedure 41(b) and the *Poulis* factors, and recommended dismissal with prejudice. Plaintiff's Objections demonstrate no clear legal error that undermines that analysis. For these reasons, Techie Defendants respectfully request that the Court overrule Plaintiff's Objections and adopt the Report and Recommendation in full.

**LITE DEPALMA GREENBERG & AFANADOR, LLC**

Date: January 15, 2026    By:    */s/Victor A. Afanador*
Victor A. Afanador
Catherine B. Derenze
570 Broad Street, Suite 1201
Newark, New Jersey 07102
vafanador@litedepalma.com
cderenze@litedepalma.com
*Attorneys for Defendants Techie Hosting, Inc. and Wayne Anastasia*

8